NO. 07-01-0321-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

APRIL 3, 2002

______________________________

LEON SIFUENTES, ET AL., APPELLANTS

V.

DABBS MARKETING, INC., A/K/A DABBS MOBIL, INC., ET AL., APPELLEES

_________________________________

FROM THE 272ND DISTRICT COURT OF BRAZOS COUNTY; 

NO. 49,569-275; HONORABLE RICK W.B. DAVIS, JUDGE

_______________________________

Before QUINN and REAVIS and JOHNSON, JJ.

Leon Sifuentes, Renea Sifuentes, Billy Sifuentes, Amy Denise Garcia, Rickey Canchola, and Jennifer Canchola
 (Sifuentes 
et al
.) challenge a summary judgment that they take and recover nothing on their action for damages against Dabbs Marketing, Inc.  Presenting three issues, Sifuentes 
et al.
 contend the trial court erred (1) 
by granting the motion for summary judgment of defendant Dabbs when it failed to prove its entitlement to such relief as a matter of law, (2) in allowing the testimony of William Bieck when his opinions were not shown to be helpful or based on reliable evidence, and (3) in overruling special exceptions directed at the affidavits of William Bieck and Don Dabbs filed in support of defendant’s motion for summary judgment.
  Because the summary judgment is interlocutory and not subject to appeal, we must dismiss for want of jurisdiction.

This Court is obligated to determine, 
sua sponte
, its jurisdiction to hear and consider an appeal.  Welch v. McDougal, 876 S.W.2d 218, 220 (Tex.App.--Amarillo 1994, writ denied); 
see also 
New York Underwriters Ins. Co. v. Sanchez, 799 S.W.2d 677, 678 (Tex. 1990).  The jurisdiction of this Court is established by various constitutional and statutory provisions.  
See
,
 e.g.
,
 
Tex. Const. art. 5, § 6; Tex. Gov’t Code Annotated § 22.220 (Vernon 1988).  As a general rule, an appeal may be taken only from a final judgment.  Lehmann v. Har-Con Corp., 39 S.W.3d 191, 195 (Tex. 2001).  As a result, this Court does not have jurisdiction to review an interlocutory order absent an express grant of authority.  Steeple Oil and Gas Corporation v. Amend, 394 S.W.2d 789, 790 (Tex. 1965); 
see also 
Tex. Civ. Prac. & Rem. Code Ann. § 51.014 (Vernon Supp. 2002).  Therefore, before we consider the issues, we must first determine if the order granting summary judgment signed June 5, 2001, is a final judgment.

The claims of Sifuentes 
et al.
 arise out of an altercation with Luis Lopez Ocampo, Juan Jose Ocampo, and Fernando Lopez Ocampo which occurred on the evening of November 26, 1998, on Dabbs’s premises.  Subsequently, the Ocampos were arrested, indicted, tried, and acquitted on various criminal charges, including the attempted murder of Leon Sifuentes.  On July 16, 1999, appellants filed an “Original Petition” naming four defendants as follows: (1) Dabbs Marketing, Inc., a/k/a Dabbs Mobil; (2) Luis Lopez Ocampo; (3) Juan Jose Ocampo; and (4) Fernando Lopez Ocampo.  In response, defendant Dabbs filed its answer on November 15, 1999.  On March 7, 2001, Sifuentes
 et al.
 filed their “First Amended Original Petition” again naming all four defendants named in the original petition.

Dabbs filed a motion for summary judgment on March 29, 2001, and on May 7, 2001, Sifuentes 
et al.
 filed their response in opposition to the motion, including special exceptions to the summary judgment evidence submitted by Dabbs.  The special exceptions of Sifuentes 
et al.
 were overruled on May 16, 2001, and after considering Dabbs’s motion for summary judgment, the trial court signed a take-nothing judgment in favor of Dabbs.  The judgment acknowledged:

Defendants, Luis Lopez Ocampo, Juan Jose Ocampo and Fernando Lopez Ocampo, having not answered, did not appear.

The judgment also provided:

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED by the Court that the motion for summary judgment of Dabbs Marketing, Inc. is hereby GRANTED in its entirety and that plaintiffs Leon Sifuentes, Renee (sic) Sifuentes, Billy Sifuentes, Amy Denise Garcia, Rickey Canchola and Jennifer Canchola take nothing as to Defendant Dabbs Marketing, Inc.

The judgment, however, does not otherwise reference the claims against Luis Lopez Ocampo, Juan Jose Ocampo, and Fernando Lopez Ocampo in any respect and the clerk’s record does not indicate any disposition of the action as to them by non-suit, severance or dismissal.

When there has not been a conventional trial on the merits, an order or judgment is not final for purposes of appeal unless it actually disposes of every pending claim and party or unless it clearly and unequivocally states that it finally disposes of all claims and parties.  
Lehmann
, 39 S.W.3d at 205; 
see also
 McNally v. Guevara, 52 S.W.3d 195 (Tex. 2001).  Nothing in this record indicates disposition of the claims against defendants Luis Lopez Ocampo, Juan Jose Ocampo, and Fernando Lopez Ocampo.  Therefore, under 
Lehmann
 the judgment is interlocutory and not subject to appeal.  This Court is without power to review it and has jurisdiction only to dismiss the appeal.  
Steeple Oil and Gas Corp.
, 394 S.W.2d at 790.

Accordingly, this appeal is dismissed for want of jurisdiction. 

Don H. Reavis

    Justice

Do not publish.