NO. 07-01-0321-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



APRIL 3, 2002



______________________________




LEON SIFUENTES, ET AL., APPELLANTS



V.



DABBS MARKETING, INC., A/K/A DABBS MOBIL, INC., ET AL., APPELLEES



 

_________________________________



FROM THE 272ND DISTRICT COURT OF BRAZOS COUNTY; 





NO. 49,569-275; HONORABLE RICK W.B. DAVIS, JUDGE



_______________________________



Before QUINN and REAVIS and JOHNSON, JJ.

 Leon Sifuentes, Renea Sifuentes, Billy Sifuentes, Amy Denise Garcia, Rickey
Canchola, and Jennifer Canchola (Sifuentes et al.) challenge a summary judgment that
they take and recover nothing on their action for damages against Dabbs Marketing, Inc. 
Presenting three issues, Sifuentes et al. contend the trial court erred (1) by granting the
motion for summary judgment of defendant Dabbs when it failed to prove its entitlement
to such relief as a matter of law, (2) in allowing the testimony of William Bieck when his
opinions were not shown to be helpful or based on reliable evidence, and (3) in overruling
special exceptions directed at the affidavits of William Bieck and Don Dabbs filed in
support of defendant's motion for summary judgment. Because the summary judgment
is interlocutory and not subject to appeal, we must dismiss for want of jurisdiction.

 This Court is obligated to determine, sua sponte, its jurisdiction to hear and consider
an appeal. Welch v. McDougal, 876 S.W.2d 218, 220 (Tex.App.--Amarillo 1994, writ
denied); see also New York Underwriters Ins. Co. v. Sanchez, 799 S.W.2d 677, 678 (Tex.
1990). The jurisdiction of this Court is established by various constitutional and statutory
provisions. See, e.g., Tex. Const. art. 5, § 6; Tex. Gov't Code Annotated § 22.220 (Vernon
1988). As a general rule, an appeal may be taken only from a final judgment. Lehmann
v. Har-Con Corp., 39 S.W.3d 191, 195 (Tex. 2001). As a result, this Court does not have
jurisdiction to review an interlocutory order absent an express grant of authority. Steeple
Oil and Gas Corporation v. Amend, 394 S.W.2d 789, 790 (Tex. 1965); see also Tex. Civ.
Prac. & Rem. Code Ann. § 51.014 (Vernon Supp. 2002). Therefore, before we consider
the issues, we must first determine if the order granting summary judgment signed June
5, 2001, is a final judgment.

 The claims of Sifuentes et al. arise out of an altercation with Luis Lopez Ocampo,
Juan Jose Ocampo, and Fernando Lopez Ocampo which occurred on the evening of
November 26, 1998, on Dabbs's premises. Subsequently, the Ocampos were arrested,
indicted, tried, and acquitted on various criminal charges, including the attempted murder
of Leon Sifuentes. On July 16, 1999, appellants filed an "Original Petition" naming four
defendants as follows: (1) Dabbs Marketing, Inc., a/k/a Dabbs Mobil; (2) Luis Lopez
Ocampo; (3) Juan Jose Ocampo; and (4) Fernando Lopez Ocampo. In response,
defendant Dabbs filed its answer on November 15, 1999. On March 7, 2001, Sifuentes et
al. filed their "First Amended Original Petition" again naming all four defendants named in
the original petition.

 Dabbs filed a motion for summary judgment on March 29, 2001, and on May 7,
2001, Sifuentes et al. filed their response in opposition to the motion, including special
exceptions to the summary judgment evidence submitted by Dabbs. The special
exceptions of Sifuentes et al. were overruled on May 16, 2001, and after considering
Dabbs's motion for summary judgment, the trial court signed a take-nothing judgment in
favor of Dabbs. The judgment acknowledged:

 Defendants, Luis Lopez Ocampo, Juan Jose Ocampo and Fernando Lopez
Ocampo, having not answered, did not appear.


The judgment also provided:

 IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED by the Court
that the motion for summary judgment of Dabbs Marketing, Inc. is hereby
GRANTED in its entirety and that plaintiffs Leon Sifuentes, Renee (sic)
Sifuentes, Billy Sifuentes, Amy Denise Garcia, Rickey Canchola and Jennifer
Canchola take nothing as to Defendant Dabbs Marketing, Inc.


The judgment, however, does not otherwise reference the claims against Luis Lopez
Ocampo, Juan Jose Ocampo, and Fernando Lopez Ocampo in any respect and the clerk's
record does not indicate any disposition of the action as to them by non-suit, severance
or dismissal.

 When there has not been a conventional trial on the merits, an order or judgment
is not final for purposes of appeal unless it actually disposes of every pending claim and
party or unless it clearly and unequivocally states that it finally disposes of all claims and
parties. Lehmann, 39 S.W.3d at 205; see also McNally v. Guevara, 52 S.W.3d 195 (Tex.
2001). Nothing in this record indicates disposition of the claims against defendants Luis
Lopez Ocampo, Juan Jose Ocampo, and Fernando Lopez Ocampo. Therefore, under
Lehmann the judgment is interlocutory and not subject to appeal. This Court is without
power to review it and has jurisdiction only to dismiss the appeal. Steeple Oil and Gas
Corp., 394 S.W.2d at 790.

 Accordingly, this appeal is dismissed for want of jurisdiction. 


 Don H. Reavis

 Justice


Do not publish.



urt to side with the officer and
implicitly find consent. 

 


 Issues Two and Three - Voluntariness of Consent

 In the last two issues, appellant asserts that any consent he granted was
involuntary. This contention, however, was not raised below. Instead, appellant
represented to the trial court that the "argument is about whether or not there was consent
or not." So, because the legal contention asserted in issues two and three fails to comport
with that raised below, it was not preserved for review. Ibarra v. State, 11 S.W.3d 189, 197
(Tex. Crim. App.1999) (stating that the argument raised on appeal must comport with that
asserted at trial, otherwise it is waived).

 Accordingly, we affirm the judgment of the trial court.


 Brian Quinn

 Chief Justice


Do not publish.




 




1. Appellant's first appointed counsel filed an Anders brief. In reviewing the record, we concluded that
there was an arguable ground for appeal on that question, and we abated the cause for the appointment of
new counsel. The trial court appointed new counsel, and the latter filed the brief upon which we act.
2. We realize that the holding in Baker was criticized in In re H.V., 179 S.W.3d 746 (Tex. App.-Fort
Worth 2005, pet. granted). But, that same court later followed Baker in Akins v. State, 202 S.W.3d 879 (Tex.
App.-Fort Worth 2006, no pet.) (refusing to suppress evidence of methamphetamine discovered as a result
of appellant's statement despite the lack of Miranda warnings). Moreover, the appellant in H.V. had invoked
his right to counsel or silence, whereas the appellant at bar has not argued that he had. Finally, the Court of
Criminal Appeals granted review of H.V., and until it modifies or rejects Baker we are obligated to follow that
opinion.