Lisa ANDERSON, Appellant.

v.

Wayland and Carrie LONG, Individually, and d/b/a 2L Truck and Trailer Sales and Custom Trailer Interiors, Appellees.

No. 2–00–124–CV.

Court of Appeals of Texas, Fort Worth.

July 12, 2001.

Law Office of Peter Torres, Jr., P.C., Peter Torres, Jr., Tina Torres, San Antonio, for appellant.

Jeffrey D. Gooch, Fort Worth, for appellees.

Panel A: CAYCE, C.J.; DAY and DAUPHINOT, JJ.

## OPINION

CAYCE, Chief Justice.

Lisa Anderson appeals the trial court's order granting a no-evidence motion for summary judgment in favor of Wayland and Carrie Long, individually, and d/b/a 2L Truck and Trailer Sales and Custom Trailer Interiors (the "Longs" or "2L Trailer"). Anderson argues that the trial court erred in rendering the summary judgment because she presented sufficient evidence of the Longs' false, misleading, and deceptive acts and of her damages to raise a fact issue on her Deceptive Trade Practices Act claim against the Longs. We will dismiss the appeal for want of jurisdiction.

Anderson purchased a horse trailer from the Longs in March 1996. Soon after purchasing the trailer, however, Anderson began experiencing a litany of problems with the trailer's wiring, propane lines, batteries, and a warped axle. In March of 1998, Anderson filed suit against Sooner Trailer Manufacturing Company ("Sooner") and the Longs, individually, and d/b/a 2L Trailer, alleging causes of action for negligence, breach of warranty, and violations of the Deceptive Trade Practices Act ("DTPA"). She also alleged a cause of action against the Longs for breach of contract. Sooner was later nonsuited on February 4, 1999.

The Longs filed a no-evidence motion for summary judgment in which they argued that there was no evidence to support Anderson's breach of warranty and DTPA

claims or her claim for mental anguish. The motion did not address Anderson's breach of contract and negligence claims against the Longs.

The trial court granted the motion on April 4, 2000. In its "Order Granting Defendants' Motion for Summary Judgment," the trial court stated it had considered the motion, there was no genuine fact issue about any material fact, and the Longs were entitled to judgment as a matter of law. The court also inserted the traditional Mother Hubbard clause, "[A]ll relief not expressly granted herein is **DENIED**."

Anderson appealed and the case was submitted on November 28, 2000. On May 16, 2001, the clerk sent the parties a letter informing them the court was concerned it might not have jurisdiction over this appeal because the trial court's order granting the summary judgment was not final. In response, Anderson stated that the inclusion of a Mother Hubbard clause in the trial court's order expressly disposed of all parties and claims and constitutes a final appealable order.

There is no presumption that a motion for summary judgment addresses all of the movant's claims. *See N.Y. Underwriters Ins. Co. v. Sanchez,* 799 S.W.2d 677, 679 (Tex.1990). Nothing in the trial court's order granting summary judgment suggests that it intended to dispose of Anderson's claims for breach of contract and negligence. The Mother Hubbard clause, by itself, does not make the judgment final. *Lehmann v. Har–Con Corp.,* 39 S.W.3d 191, 203–04 (Tex.2001).

Because the judgment does not appear final on its face, and because it did not dispose of Anderson's claims for breach of contract and negligence, it was not an appealable judgment. *See McNally v. Trevino,* 52 S.W.3d. 195, 196 (Tex.2001).

Accordingly, we dismiss the appeal for want of jurisdiction.