COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-05-178-CV

 

 

HARVEY WIGFALL                                                               APPELLANT

 

                                                   V.

 

SHERWOOD ESTATES II
HOMEOWNERS=                                    APPELLEE

ASSOCIATION, INC.                                                                            

                                              ------------

 

            FROM
THE 362ND DISTRICT COURT OF DENTON COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1] 

                                              ------------

Harvey Wigfall, pro se,
appeals the trial court=s order
granting a motion for summary judgment in favor of Sherwood Estates II
Homeowners=
Association, Inc. (Sherwood). Because the trial court=s order granting Sherwood=s motion for summary judgment did not dispose of all of Sherwood=s claims, it is not a final appealable order.  Therefore, we dismiss the appeal for want of
jurisdiction.








In its original petition,
Sherwood sought recovery from Wigfall for: 
(1) unpaid dues and assessments for breach of covenant, (2) foreclosure
of its lien on Wigfall=s property
and an order of sale, (3) prejudgment and postjudgment interest, and (4)
attorney=s fees and court costs. 
Sherwood=s motion for
summary judgment addressed all four claims against Wigfall, specifically sought
$1,107.24 including interest for unpaid dues and assessments, and sought $3,500
for attorney=s fees. 

The trial court=s order granting Sherwood=s motion for summary judgment, however, only addressed Sherwood=s claims for unpaid dues and assessments and attorney=s fees.  Specifically, the trial
court ordered Wigfall to pay Sherwood the sum of $1,107.24 as damages and
$3,000 for attorney=s fees.  The order did not address Sherwood=s request for foreclosure of the lien, an order of sale, prejudgment
and postjudgment interest, or court costs. Further, the order does not state
that it is a final judgment nor does it state that it disposes of all claims
and parties.  








When there has not been a
conventional trial on the merits, an order or judgment is not final for the
purposes of appeal unless it actually disposes of every pending claim and party
or unless it clearly and unequivocally states that it finally disposes of all
claims and all parties.[2]  Nothing in the trial court=s order granting summary judgment suggests that the trial court
intended to dispose of Sherwood=s claims for foreclosure and order of sale, prejudgment and
postjudgment interest, and court costs. 
Because the judgment does not appear final on its face and because it
did not dispose of all of Sherwood=s claims, it was not an appealable judgment.[3]  Accordingly, we dismiss the appeal for want
of jurisdiction. 

 

PER CURIAM

 

PANEL
A:   CAYCE, C.J.; LIVINGSTON and HOLMAN,
JJ.

 

DELIVERED:  December 15, 2005

 











[1]See Tex. R. App. P. 47.4.





[2]Lehmann
v. Har-Con Corp., 39 S.W.3d 191, 205 (Tex. 2001). 





[3]See
McNally v. Guevara, 52 S.W.3d 195, 196 (Tex. 2001) (holding that
where a summary judgment order did not dispose of defendant=s
claim for attorney=s
fees, it was not a final appealable order); Anderson v. Long, 52 S.W.3d
385, 386 (Tex. App.CFort
Worth 2001, no pet.) (holding that where a summary judgment did not appear
final on its face and did not dispose of plaintiff=s
claims for breach of contract and negligence, it was not an appealable
judgment).