WIGFALL V. SHERWOOD ESTATES

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-178-CV

HARVEY WIGFALL APPELLANT

V.

SHERWOOD ESTATES II HOMEOWNERS’   APPELLEE

ASSOCIATION, INC. 

------------

FROM THE 362ND DISTRICT COURT OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1) 

------------

Harvey Wigfall, pro se, appeals the trial court’s order granting a motion for summary judgment in favor of Sherwood Estates II Homeowners’ Association, Inc. (Sherwood). Because the trial court’s order granting Sherwood’s motion for summary judgment did not dispose of all of Sherwood’s claims, it is not a final appealable order.  Therefore, we dismiss the appeal for want of jurisdiction.

In its original petition, Sherwood sought recovery from Wigfall for:  (1) unpaid dues and assessments for breach of covenant, (2) foreclosure of its lien on Wigfall’s property and an order of sale, (3) prejudgment and postjudgment interest, and (4) attorney’s fees and court costs.  
Sherwood’s motion for summary judgment addressed all four claims against Wigfall, specifically sought $1,107.24 including interest for unpaid dues and assessments, and sought $3,500 for attorney’s fees. 

The trial court’s order granting Sherwood’s motion for summary judgment, however, only addressed Sherwood’s claims for unpaid dues and assessments and attorney’s fees.  Specifically, the trial court ordered Wigfall to pay Sherwood the sum of $1,107.24 as damages and $3,000 for attorney’s fees.  The order did not address Sherwood’s request for foreclosure of the lien, an order of sale, prejudgment and postjudgment interest, or court costs. Further, the order does not state that it is a final judgment nor does it state that it disposes of all claims and parties.  

When there has not been a conventional trial on the merits, an order or judgment is not final for the purposes of appeal unless it actually disposes of every pending claim and party or unless it clearly and unequivocally states that it finally disposes of all claims and all parties.
(footnote: 2)  Nothing in the trial court’s order granting summary judgment suggests that the trial court intended to dispose of Sherwood’s claims for foreclosure and order of sale, prejudgment and postjudgment interest, and court costs.  Because the judgment does not appear final on its face and because it did not dispose of all of Sherwood’s claims, it was not an appealable judgment.
(footnote: 3)  Accordingly, we dismiss the appeal for want of jurisdiction. 

PER CURIAM

PANEL A: CAYCE, C.J.; LIVINGSTON and HOLMAN, JJ.

DELIVERED:  December 15, 2005

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
Lehmann v. Har-Con Corp.
, 39 S.W.3d 191, 205 (Tex. 2001). 

3:
See McNally v. Guevara, 
52 S.W.3d 195, 196 (Tex. 2001) (holding that where a summary judgment order did not dispose of defendant’s claim for attorney’s fees, it was not a final appealable order); 
Anderson v. Long
, 52 S.W.3d 385, 386 (Tex. App.—Fort Worth 2001, no pet.) (holding that where a summary judgment did not appear final on its face and did not dispose of plaintiff’s claims for breach of contract and negligence, it was not an appealable judgment).