COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-06-115-CV

 

 

BRIAN
DANIEL AUSTIN,                                                      APPELLANTS

EDNA
MARY MALLOUF MALLICK, 

AND FRED MALLICK                                                                             

 

                                                   V.

 

RURAL/METRO OF NORTH
TEXAS,                                  APPELLEES

L.P.
INDIVIDUALLY AND 

D/B/A
RURAL/METRO AMBULANCE 

AND
RURAL/METRO CORPORATION, 

AND
UNITED STATES FIDELITY & 

GUARANTY COMPANY                                                                        

                                              ------------

 

            FROM
THE 96TH DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                           MEMORANDUM
OPINION[1]

 

                                              ------------

Appellants Brian Daniel
Austin, Edna Mary Mallouf Mallick, and Fred Mallick are attempting to appeal
the following trial court orders:

$December
14, 2005 order denying Austin=s motion for partial summary
judgment and the Mallicks=
motion for summary judgment;

 








$December
14, 2005 order granting the first amended motion for summary judgment and/or
motion to strike plea in intervention filed by appellee Rural/Metro of North
Texas, L.P.;[2]

 

$December
14, 2005 order granting Rural/Metro=s first amended motion for
summary judgment regarding intervenors= duty to indemnify; 

 

$March 9,
2006 order granting the motion for summary judgment filed by appellee United
States Fidelity & Guaranty Company (USF&G). 

We dismiss the appeal for want of jurisdiction.

On April 5, 2006, we informed
appellants by letter of our concern that we lack jurisdiction over the appeal
because the above orders do not dispose of all parties in the case and do not
appear to be appealable interlocutory orders. Appellants filed a response on
April 28, contending that the orders are appealable because all parties and
claims have been disposed of.  On May 2,
however, we notified appellants that we would address the judgment issue with
the appeal on the merits.  On May 3,
2006, the appellees filed a joint motion to dismiss for want of jurisdiction,
asserting that the summary judgment orders being appealed are interlocutory
because they do not fully dispose of appellees= counterclaims for indemnity against the Mallicks.  Appellants have not responded to the motion
to dismiss.








We have reviewed the clerk=s record, which shows that the trial court=s December 14, 2005 and March 9, 2006 summary judgment orders do not
dispose of the following claims:

$Rural/Metro=s
counterclaims against Austin for fraud, breach of fiduciary duty, indemnity,
and sanctions under Texas Rule of Civil Procedure 215(2)(b);

 

$Rural/Metro=s
request for damages, attorney=s fees, and investigation and
defense costs as part of its third-party indemnity and declaratory judgment
claim against the Mallicks;

 

$USF&G=s
request for damages, attorney=s fees, and investigation and
defense costs as part of its third-party indemnity and declaratory judgment
claim against the Mallicks. 

 

Although the orders declare
that the Mallicks must indemnify Rural/Metro and USF&G for all claims
asserted by Austin, the orders leave open the issue of the amount of damages,
attorney=s fees, and investigation and defense costs for which the Mallicks are
liable.  Further, the orders do not
address Rural/Metro=s
counterclaims and request for sanctions against Austin. 








Where, as here, there has not
been a conventional trial on the merits, an order or judgment is not final for
purposes of appeal unless it actually disposes of every pending claim and party
or clearly and unequivocally states that it finally disposes of all claims and
all parties.[3]  There is no presumption that a motion for
summary judgment addresses all of the movant=s claims.[4]  Further, a summary judgment order that does
not appear final on its face and does not dispose of a claim for attorney=s fees is not final.[5]

The summary judgment orders
in this case do not unequivocally state that they finally dispose of all claims
and all parties in the underlying case, nor do they otherwise dispose of
Rural/Metro=s
counterclaims against Austin or the appellees= claims against the Mallicks for damages, attorney=s fees, and investigation and defense costs.  Accordingly, the orders are not appealable.[6]  Therefore, we grant appellees= motion to dismiss and dismiss the appeal for want of jurisdiction.[7]

 

PER CURIAM

PANEL D:   CAYCE,
C.J.; LIVINGSTON and DAUPHINOT, JJ.

DELIVERED: 
August 17, 2006

 











[1]See Tex. R. App. P. 47.4.





[2]The
Mallicks were the intervenors below. 





[3]Lehmann
v. Har‑Con Corp., 39 S.W.3d 191, 205 (Tex. 2001).





[4]McNally
v. Guevara, 52 S.W.3d 195, 196 (Tex. 2001).





[5]Id.





[6]Id.; Lehmann,
39 S.W.3d at 205.





[7]Anderson
v. Long, 52 S.W.3d 385, 386 (Tex. App.CFort
Worth 2001, no pet.).