

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 2-08-078-CV

TIM BRANDON                                                           APPELLANT

V.

GOOD BROTHERS, INC. AND                                              APPELLEES
SHAH WAFAYEE

------------

FROM THE 348TH DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Appellant Tim Brandon attempts to appeal from a trial court order granting

the "Motion for No Evidence Summary Judgment" and "Motion for Summary

Judgment" of Appellees Good Brothers, Inc. and Shah Wafayee on Appellant's

claims of "malicious and decei[]tful eviction" and "malicious refusal to accept

rents."  On March 4, 2008, we notified Appellant that we were concerned that

---

[1] *See* TEX. R. APP. P. 47.4.

this court may not have jurisdiction over this appeal because the order granting summary judgment in favor of Appellees did not appear to be a final, appealable order; still pending are Appellees' supplemental answer and counterpetition and "Defendants' Second Motion for No Evidence Summary Judgment" in which Appellees challenge Appellant's claims of "harassment" and "deception," all filed after the trial court signed its order granting Appellees' first motions for summary judgment.[2]  *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 192–993 (Tex. 2001).  We stated that the appeal would be dismissed for want of jurisdiction unless Appellant or any party desiring to continue the appeal filed within ten days a response showing grounds for continuing the appeal.  No response has been filed.

When there has not been a conventional trial on the merits, an order or judgment is not final for the purposes of appeal unless it actually disposes of every pending claim and party or unless it clearly and unequivocally states that it finally disposes of all claims and all parties.  *Id*. at 192, 205.  Nothing in the trial court's order granting Appellees' motions for summary judgment suggests that the trial court intended to dispose of Appellant's claims for "harassment"

---

[2] The trial court also struck through the portion of the order granting Appellees' first motions for summary judgment that stated, "This judgment finally disposes of all parties and all claims and is appealable."

and "deception" or of Appellees' claims in their counterpetition and supplemental answer. Because the order does not appear final on its face and because it does not dispose of all of Appellant's claims, it is not an appealable order or judgment. *See Anderson v. Long*, 52 S.W.3d 385, 386 (Tex. App.—Fort Worth 2001, no pet.) (holding that where a summary judgment did not appear final on its face and did not dispose of plaintiff's claims for breach of contract and negligence, it was not an appealable judgment). Accordingly, because there is no final judgment or appealable interlocutory order, it is the opinion of the court that this case should be dismissed for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a); 43.2(f).


PER CURIAM

PANEL D:  HOLMAN, GARDNER, and WALKER, JJ.

DELIVERED:  April 3, 2008

3