COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                 FORT
WORTH

 

 

                                        NO.
2-08-078-CV

 

 

TIM BRANDON                                                                    APPELLANT

 

                                                   V.

 

GOOD BROTHERS, INC. AND                                                 APPELLEES

SHAH
WAFAYEE

                                              ------------

 

           FROM
THE 348TH DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------








Appellant Tim Brandon
attempts to appeal from a trial court order granting the AMotion for No Evidence Summary Judgment@ and AMotion for
Summary Judgment@ of
Appellees Good Brothers, Inc. and Shah Wafayee on Appellant=s claims of Amalicious
and decei[]tful eviction@ and Amalicious refusal to accept rents.@  On March 4, 2008, we notified
Appellant that we were concerned that this court may not have jurisdiction over
this appeal because the order granting summary judgment in favor of Appellees
did not appear to be a final, appealable order; still pending are Appellees= supplemental answer and counterpetition and ADefendants= Second
Motion for No Evidence Summary Judgment@ in which Appellees challenge Appellant=s claims of Aharassment@ and Adeception,@ all filed after the trial court signed its order granting Appellees= first motions for summary judgment.[2]  See Lehmann v. Har-Con Corp., 39
S.W.3d 191, 192B993 (Tex.
2001).  We stated that the appeal would
be dismissed for want of jurisdiction unless Appellant or any party desiring to
continue the appeal filed within ten days a response showing grounds for
continuing the appeal.  No response has
been filed.








When there has not been a
conventional trial on the merits, an order or judgment is not final for the
purposes of appeal unless it actually disposes of every pending claim and party
or unless it clearly and unequivocally states that it finally disposes of all claims
and all parties.  Id. at 192,
205.  Nothing in the trial court=s order granting Appellees= motions for summary judgment suggests that the trial court intended
to dispose of Appellant=s claims for
Aharassment@ and Adeception@ or of
Appellees= claims in
their counterpetition and supplemental answer. 
Because the order does not appear final on its face and because it does
not dispose of all of Appellant=s claims, it is not an appealable order or judgment.  See Anderson v. Long, 52 S.W.3d 385,
386 (Tex. App.CFort Worth
2001, no pet.) (holding that where a summary judgment did not appear final on
its face and did not dispose of plaintiff=s claims for breach of contract and negligence, it was not an
appealable judgment).  Accordingly,
because there is no final judgment or appealable interlocutory order, it is the
opinion of the court that this case should be dismissed for want of jurisdiction.  See Tex.
R. App. P. 42.3(a); 43.2(f).

 

PER CURIAM

PANEL D: 
HOLMAN, GARDNER, and WALKER, JJ.

DELIVERED: 
April 3, 2008











[1]See Tex. R. App. P. 47.4.





[2]The
trial court also struck through the portion of the order granting Appellees=
first motions for summary judgment that stated, AThis
judgment finally disposes of all parties and all claims and is appealable.@