COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-09-174-CV

 

 

MRI COUNTRY BEND INVESTMENT                                      APPELLANTS

FUND, L.P. AND MRI RIVER
GLEN

INVESTMENT FUND, L.P.

                                                   V.

 

CAPITOL PAINTING &                                                             APPELLEE

CONSTRUCTION, INC.

                                              ------------

 

         FROM COUNTY
COURT AT LAW NO. 3 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------








Appellants MRI Country Bend Investment Fund, L.P.
and MRI River Glen Investment Fund, L.P. attempt to appeal from the trial court=s May 7,
2009, order denying their motion to dissolve pre-judgment writs of
garnishment.  Appellee Capitol Painting
& Construction, Inc. moves to dismiss the appeal on the ground that the May
7 order is not an appealable interlocutory order and seeks damages as the
prevailing party in a frivolous appeal.[2]  We dismiss the appeal for want of
jurisdiction.

Generally, an appeal may be taken only from a
final judgment.[3]  Interlocutory orders are not appealable
unless they fall within the exceptions provided by the legislature in section
51.014 of the civil practice and remedies code.[4]  None of those exceptions apply here.  Therefore, we have no jurisdiction over the
appeal and must dismiss the case.[5]  Accordingly, we dismiss this appeal and
appellee=s motion
for sanctions.

 

PER
CURIAM

 

PANEL:  CAYCE, C.J.; LIVINGSTON and DAUPHINOT, JJ.

 

DELIVERED:  July 23, 2009











[1]See Tex. R. App. P. 47.4.





[2]See Tex. R. App. P. 45
(stating in part that A[i]f the court of appeals
determines that an appeal is frivolous, it may . . . award each prevailing
party just damages@).





[3]See Lehmann v. Har‑Con
Corp.,
39 S.W.3d 191, 195 (Tex. 2001).





[4]Tex. Civ. Prac. &
Rem. Code Ann. ' 51.014 (Vernon
2008).





[5]Guajardo v. Conwell, 46 S.W.3d 862, 863_64 (Tex. 2001) (dismissal of appeal of
interlocutory order); Anderson v. Long, 52 S.W.3d 385, 386 (Tex. App._Fort Worth 2001, no pet.) (same).