

**In the**
**Court of Appeals**
**Second Appellate District of Texas**
**at Fort Worth**

_____

No. 02-18-00156-CV

_____

DAVID D. SCOTT AND MARY J. SCOTT, Appellants

V.

ROBERT G. WEST, THYRA WEST, JUDITH C. CLARK, SALLIE CLINGMAN, GREGORY P. MILLER, GAYE MILLER, JONATHAN BAYLES, AND AMY BAYLES, Appellees

On Appeal from County Court at Law No. 2
Tarrant County, Texas
Trial Court No. 2014-001905-2

Before Sudderth, C.J.; Gabriel and Pittman, JJ.
Per Curiam

# MEMORANDUM OPINION

Appellants David D. Scott and Mary J. Scott (the Scotts) attempt to appeal from the trial court's April and May 2018 orders granting summary judgment in favor of Appellees Robert G. West, Thyra West, Judith C. Clark, Sallie Clingman, Gregory P. Miller, Gaye Miller, Jonathan Bayles, and Amy Bayles (collectively, the Neighbors). Because (1) the Wests' traditional motion for summary judgment (MSJ) does not raise a ground addressing the Scotts' trespassing claim against the Wests and (2) none of the piecemeal orders granting the Neighbors' summary judgment and dismissing counterclaims state that they are finally disposing of all claims and all parties, we dismiss this appeal for want of jurisdiction.[1]

## I. BACKGROUND AND PROCEDURAL FACTS

## A. The Trial Court Granted the Neighbors' MSJs and Dismissed the Only Counterclaims.

The Scotts' residential property sits at a lower elevation than the Neighbors' residential properties. The Scotts sued the Neighbors[2] seeking damages and injunctive relief related to a retaining wall separating the Scotts' residential property

---

[1]Today, we grant in part the Scotts' petition for permissive appeal challenging the trial court's later summary judgment for the Neighbors on the narrow issue of whether the Scotts or the Neighbors have the legal duty to repair or replace the retaining wall. *See Scott v. West*, No. 02-18-00211-CV (Tex. App.—Fort Worth Sept. 20, 2018, no pet. h.) (mem. op. and order).

[2]Another defendant, Catherine Robertson, was nonsuited in December 2017.

from the Neighbors' residential properties.[3]  In their live petition, the Scotts raised three causes of action:  trespass to real property, negligence, and common law liability for maintenance and repair of the retaining wall.  The Millers counterclaimed.  The Scotts filed a motion for partial summary judgment (partial MSJ) on the issue of duty to maintain or replace the retaining wall.

The Neighbors filed MSJs.  The traditional part of the Wests' "Amended Traditional and No Evidence Motion for Summary Judgment" did not expressly seek summary judgment on the Scotts' trespass claim, although the no-evidence portion of the Wests' motion did seek summary judgment on the trespass claim.  On April 3, 2018, the trial court granted the MSJs of Clark and Clingman and the Bayleses.  The trial court also granted the Wests' traditional MSJ that day but struck through "No Evidence" language in the form order.  On April 10, the trial court granted the Millers' MSJ, and on May 1, 2018, the trial court dismissed the Millers' counterclaim.  Only the order granting the Bayleses' MSJ had language stating that the Scotts "shall take nothing against" the Bayleses and addressed court costs (but only those of the Bayleses).

## B.    The Scotts Appealed, and Our Court Questioned Its Jurisdiction.

The Scotts filed a notice of appeal on May 3, 2018, from the four orders granting summary judgment.  Eight days later, our clerk's office sent a letter

_____

[3]The Wests are former owners but indemnified the current owners of their residence.

3

questioning jurisdiction because the summary judgment orders did "not appear to be final judgments or appealable interlocutory orders." The Scotts responded on May 18, 2018, stating that on May 8, they had filed a motion for entry of final judgment and proposed judgment in the trial court; "[c]ertain defendants [had] filed an objection and an alternate proposed form of final judgment"; and a hearing had been set for May 22, 2018, after which the trial judge would "enter a final judgment or ruling regarding the finality of her prior rulings."

**C.      The Trial Court Vacated the Prior Summary Judgment Orders, Granted the Neighbors' Traditional MSJs Solely on Duty, Denied the Scotts' Partial MSJ on Duty, and Gave the Scotts Permission to File a Petition for Permissive Appeal.**

On June 8, 2018, the trial judge signed an "Order on Motions for Summary Judgment and Certification of Question for Interlocutory Appeal Under TRCP 168." That order vacated the four prior summary judgment orders, granted the Neighbors' traditional MSJs again solely on the basis that they did "not have an established legal duty to repair or replace the retaining wall" and denied the Scotts' partial MSJ on duty for the same reason. The order also gave the Scotts permission to seek a permissive appeal in this court.

**D.      The Bayleses and the Wests Responded to Our Jurisdictional Inquiry on the Same Day the Scotts Filed Their Petition for Permissive Appeal.**

On June 25, 2018, the same day the Scotts filed their petition for permissive appeal in this court, the Bayleses and the Wests filed their first response to our May 11 letter questioning our jurisdiction in this traditional appeal. They argued that

4

(1) the four orders granting the Neighbors' MSJs and the order dismissing the Millers' counterclaim culminated in a final judgment as of May 1, 2018; (2) the trial court lost jurisdiction before signing the June 8, 2018 order; and (3) that order was therefore void. Thus, they argued, this court does have jurisdiction over this traditional appeal.

**E.  The Scotts Replied that No Final Judgment Existed or, Alternatively, a Postjudgment Motion Extended the Trial Court's Plenary Power to Sign the June 8, 2018 Order.**

On June 29, 2018, the Scotts replied to the June 25, 2018 jurisdictional response of the Bayleses and the Wests. The Scotts contended that there was no final judgment, but if there had been, their May 8, 2018 motion for judgment and proposed judgment to which the Bayleses objected and responded with their own proposed judgment operated as a postjudgment motion extending the trial court's plenary power to sign the June 8, 2018 order.

## II.  DISCUSSION

This court has appellate jurisdiction only over final judgments and interlocutory orders made appealable by statute. *See Rusk State Hosp. v. Black*, 392 S.W.3d 88, 92 (Tex. 2012); *see, e.g.*, Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a) (West Supp. 2017). "[A]n order or judgment is not final for purposes of appeal unless it actually disposes of every pending claim and party or unless it clearly and unequivocally states that it finally disposes of all claims and all parties." *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 205 (Tex. 2001). We do not presume that a motion for summary judgment addresses all pending claims. *See N.Y. Underwriters Ins. Co. v. Sanchez,*

5

799 S.W.2d 677, 679 (Tex. 1990); *Anderson v. Long*, 52 S.W.3d 385, 386 (Tex. App.—

Fort Worth 2001, no pet.).

## A. The Wests' Traditional MSJ Did Not Mention the Scotts' Trespass Claim.

The Wests' traditional MSJ did not address the Scotts' trespass claim, *Barnes v.*

*Mathis,* 353 S.W.3d 760, 764 (Tex. 2011) ("Trespass to real property is an

unauthorized entry upon the land of another, and may occur when one enters—or

causes something to enter—another's property.") (citations omitted), even though

their no-evidence motion in the same document did. *See* Tex. R. Civ. P. 166a(c);

*Roberts v. Sw. Tex. Methodist Hosp.*, 811 S.W.2d 141, 145 (Tex. App.—San Antonio

1991, writ denied) (op. on reh'g) ("One who is sued on two specific theories of

recovery has no duty to except to the petition and ask whether there are other

theories that the pleader wants to allege. The same thing is true of summary judgment

motions."); *cf. LaRue v. Chief Oil & Gas, L.L.C.*, 167 S.W.3d 866, 874–75 (Tex. App.—

Fort Worth 2005, no pet.) (holding no-evidence summary judgment motion

challenging negligence was not specific enough to challenge the element of duty).

## B. None of the April or May 2018 Orders Contained Language of Finality for All Claims and All Parties.

Neither the April 3, 2018 order granting the Wests' traditional MSJ nor any of

the other April or May piecemeal orders "clearly and unequivocally state[d] that it

finally dispose[d] of all claims and all parties." *Lehmann*, 39 S.W.3d at 205; *see Unity*

*Friendship Baptist Church v. Walton Homes LLC*, No. 03-18-00250-CV,

6

2018 WL 3543665, at *2 (Tex. App.—Austin July 24, 2018, no pet. h.) (mem. op.) (noting trial court did not grant more relief than plaintiff sought, and order did not have finality language); *Anderson*, 52 S.W.3d at 386 (holding judgment was not final despite Mother Hubbard language when MSJ did not address breach of contract and negligence claims). Only the order granting the Bayleses' MSJ had language stating that the Scotts "shall take nothing against" the Bayleses and addressed court costs, but that order addressed only the Scotts' claims against the Bayleses and the Bayleses' court costs, not all parties and all claims. Further, the appellate record contains no severance order. *See Harris Cty. Flood Control Dist. v. Adam*, 66 S.W.3d 265, 266 (Tex. 2001) (holding judgment in severed cause that disposed of all claims between parties to appeal was final and appealable).

## C. The Trial Court's Judgment Was Not Final.

Accordingly, we hold that the trial court has not yet signed a final judgment. Thus, the trial court had plenary power on June 8, 2018, to vacate the piecemeal summary judgments, to issue a new order granting the Neighbors' MSJs and denying the Scotts' partial MSJ solely on the issue of legal duty, and to give permission for the Scotts to file a petition for permissive appeal in this court.

## III. CONCLUSION

There is still no final judgment in this case. Because the replaced summary judgment orders the Scotts originally attempted to appeal did not constitute a final

7

judgment, and no statute authorized an interlocutory appeal from them, we dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 43.2(f).

Per Curiam

Delivered: September 20, 2018