**Dismissed and Opinion Filed July 30, 2015**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-15-00551-CV

**STANLEY DAVIS, INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF EUNICE D.C. DAVIS, DECEASED, Appellant**

**V.**

**ESC II, LP D/B/A EMERITUS AT VICKERY TOWERS, LAILA HIRJEE, M.D., AND LAILA HIRJEE M.D. P.A., Appellees**

**On Appeal from the 298th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-14-03856**

## MEMORANDUM OPINION

Before Chief Justice Wright, Justice Lang-Miers, and Justice Stoddart
Opinion by Chief Justice Wright

Appellant appeals two orders of the trial court dated February 18, 2015 that dismissed his medical liability claims against appellees ESC II, LP d/b/a Emeritus at Vickery Towers, Laila Hirjee, M.D., and Laila Hirjee M.D. P.A. for failure to comply with chapter 74 of the Texas Civil Practice and Remedies Code. After the trial court signed the orders appealed, appellant moved for new trial and then filed his notice of appeal on April 28, 2015.

By letter dated July 2, 2015, the Court questioned its jurisdiction over the appeal noting that the orders appealed did not appear to be final orders. We requested that appellant file a jurisdictional brief explaining how the Court has jurisdiction over the appeal. To date we have

received no response. Accordingly, we address our jurisdiction *sua sponte* as we must. *M.O. Dental Lab. v. Rape,* 139 S.W.3d 671, 673 (Tex. 2004) (per curiam).

Unless an interlocutory appeal is specifically authorized by statute, this Court may entertain appeals only from final judgments. *Lehmann v. Har–Con Corp.,* 39 S.W.3d 191 (Tex. 2001). A judgment issued without a conventional trial is final for purposes of appeal if, and only if, it either actually disposes of all claims and parties then before the court, regardless of its language, or it states with unmistakable clarity that it is a final judgment as to all claims and all parties." *Id.* at 192–93. An order or judgment is not final simply because it states that it is final. *Id.* at 200. In addition, the inclusion of a Mother Hubbard clause—that is the statement, "all relief not granted is denied," or essentially those words—also does not indicate that a judgment rendered without a conventional trial is final for purposes of appeal. *Id.* at 203–04.

Each of the trial court's orders dismissing the claims against the defendants states that is final and includes a Mother Hubbard clause but also expressly reserves for the future the award of attorney's fees. When a party asserts a claim for attorney's fees and the trial court's order or judgment does not suggest the trial court intended to deny the claim for attorney's fees and also does not actually dispose of attorney's fees, the order or judgment is not final. *See McNally v. Guevara*, 52 S.W.3d 195, 196 (Tex. 2001). Here the express reservation of the claim for attorney's fees for future determination precludes a finding that the orders are final for purposes of appeal.

The civil practice and remedies code provides for interlocutory appeals of certain orders regarding expert reports in health care liability claims. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 51.014(a)(9)–(10) (West 2015) (authorizing certain interlocutory appeals from section 74.351 orders); 74.351 (West Supp. 2014) (requirements of expert reports in health care liability claims). Specifically, section 51.014(a)(9) allows interlocutory appeal of an order that "denies all or part

of the relief sought by a motion under Section 74.351(b), except that an appeal may not be taken from an order granting an extension under Section 74.351." *Id.* § 51.014(a)(9). Section 51.014(a)(10) allows interlocutory appeal of an order that "grants relief sought by a motion under Section 74.351(*l* )." *Id.* § 51.014(a)(10).

Appeals from interlocutory orders are accelerated appeals. TEX. R. APP. P. 28.1. In an accelerated appeal, notice of appeal must be filed within 20 days after the judgment or order is signed. TEX. R. APP. P. 26.1(b). Absent the filing of a rule 26.3 motion, the deadline for filing a notice of appeal is strictly set at twenty days after the judgment is signed, with no exceptions. *In re K.A.F.*, 160 S.W.3d 923, 927 (Tex. 2005). Filing a rule 26.1(a) motion for new trial, motion to modify the judgment, motion to reinstate, or request for findings of fact and conclusions of law will not extend that deadline. *Id.*

The orders appealed in this case were signed on February 18, 2015. Absent a rule 26.3 motion, which was not filed in this case, the deadline for filing a notice of interlocutory appeal was March 10, 2015, twenty days after the judgment was signed. Appellant filed his notice of appeal on April 28, 2015, sixty-nine days after the judgment was signed. Without a timely filed notice of appeal, this Court lacks jurisdiction. *See* TEX. R. APP. P. 25.1(b).

Because the orders in this case are not final and because appellant has not perfected a timely interlocutory appeal, we lack jurisdiction over the appeal. We dismiss the appeal.

150551F.P05

/Carolyn Wright/
_____
CAROLYN WRIGHT
CHIEF JUSTICE



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

STANLEY DAVIS, INDIVIDUALLY AND
ON BEHALF OF THE ESTATE OF
EUNICE D.C. DAVIS, DECEASED,
Appellant

No. 05-15-00551-CV          V.

ESC II, LP D/B/A EMERITUS AT
VICKERY TOWERS, LAILA HIRJEE,
M.D., AND LAILA HIRJEE M.D. P.A.,
Appellees

On Appeal from the 298th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-14-03856.
Opinion delivered by Chief Justice Wright.
Justices Lang-Miers and Stoddart
participating.

In accordance with this Court's opinion of this date, the appeal is **DISMISSED** for want of jurisdiction.

It is **ORDERED** that each party bear its own costs of this appeal.

Judgment entered July 30, 2015.

–4–