**R. Stephen McNALLY, Petitioner,**

v.

**Joseph GUEVARA and Maria Trevino, Respondents.**

No. 99–0230.

Supreme Court of Texas.

June 28, 2001.

Rehearing Overruled Sept. 20, 2001.

R. Stephen McNally, Austin, pro se.

James P. Wallace, Jr., Georgetown, for respondents.

PER CURIAM.

R. Stephen McNally owns an easement "for driveway purposes" on land owned by Joseph Guevara and Maria Trevino. McNally sued Guevara and Trevino for a declaration that the easement could be used not only for access but also for parking. The defendants counterclaimed for a declaration that the easement could not be used for parking and for attorney fees. The defendants filed a motion for summary judgment that addressed only the easement issues and not their claim for attorney fees. The trial court granted the motion and signed a document captioned "Judgment" that: recited that the defen-

dants' motion "should be in all things granted"; stated that defendants were entitled as a matter of law to "prevail on their claims for relief under the Uniform Declaratory Judgments Act"; declared the extent of the easement in dispute; and taxed all costs against the plaintiff. The judgment did not refer to the defendants' claim for attorney fees.

McNally appealed but also moved to dismiss his own appeal on the ground that the judgment was not final because it did not dispose of the defendants' claim for attorney fees. The defendants argued to the court of appeals that they had abandoned their claim for attorney fees by not including it in their motion for summary judgment. A divided court of appeals agreed with the defendants, noting that the award of costs also indicated finality. 989 S.W.2d 380 (Tex.App.—Austin 1999). The court affirmed the trial court's judgment.

We agree with the dissenting Justice in the court of appeals that a party's omission of one of his claims from a motion for summary judgment does not waive the claim because a party can always move for partial summary judgment, Tex.R. Civ. P. 166a(e), and thus there can be no presumption that a motion for summary judgment addresses all of the movant's claims. *See New York Underwriters Ins. Co. v. Sanchez,* 799 S.W.2d 677, 678–679 (Tex.1990). Nothing in the trial court's judgment, other than its award of costs to the defendants, suggests that it intended to deny the defendants' claim for attorney fees. The award of costs, by itself, does not make the judgment final. *Lehmann v. Har-Con Corp.,* 39 S.W.3d 191 (Tex.2001).

Because the judgment does not appear final on its face, and because it did not dispose of the defendants' claim for attorney fees, it was not an appealable judgment. Accordingly, without hearing oral argument, Tex.R.App. P. 59.1, we reverse the judgment of the court of appeals and remand the case to that court to determine whether to abate the appeal to permit the trial court to render a final judgment, Tex. R.App. P. 27.2, or to dismiss the appeal for want of jurisdiction.