NO. 07-04-0393-CR


NO. 07-04-0394-CR


NO. 07-04-0395-CR
 

IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



OCTOBER 1, 2004



______________________________




STEPHEN JAMES WILLIAMS, 


 Appellant


v.



THE STATE OF TEXAS, 


 Appellee



_________________________________



FROM THE 3RD DISTRICT COURT OF ANDERSON COUNTY;



NOS. 25512; 25513; 25514; HON. BASCOM W. BENTLEY, III, PRESIDING



_______________________________



Before JOHNSON, C.J., QUINN and CAMPBELL, JJ.

 Before this court is appellant's Motion to Dismiss Appeal. The document, signed
by appellant and his attorney, requests that the notice of appeal in each case be withdrawn
and the appeals voluntarily dismissed. 

 No decision having been delivered prior to the receipt of the request for dismissal
of the notices of appeal, and all conditions applicable to the voluntary dismissal of a
criminal appeal having been met, it is ordered that the appeal be dismissed. Having
dismissed the appeals at the personal request of appellant and his attorney, no motions
for rehearing will be entertained, and the mandates shall issue forthwith. 


 Brian Quinn 

 Justice 


Do not publish. 



dgment interest, court costs, reasonable attorney fees and for
other relief to which they were entitled. The case was assigned to the 274th District Court
of Hays County with Judge William Henry presiding. On December 5, 2005, a default
judgment was entered against Gomez. The suit against Gomez was severed from this
case on August 8, 2006. Also on August 8th, Judge Henry heard relator's Motion for
Summary Judgment against Gutierrez, which requested judgment equal to the damages
paid by relator to the victim of the accident, pre-judgment interest, and post-judgment
interest, but did not request relief of court costs or attorney fees. Judge Henry granted
relator's summary judgment and signed an order to that effect on August 8, 2006. The
order did not contain a Mother Hubbard clause. 

 Following the trial court's entry of summary judgment, Gutierrez filed a motion for
new trial that was denied by Judge Henry on November 21st. Believing that her time for
filing notice of appeal was running out, Gutierrez filed a second motion entitled, "Motion for
Rehearing, for New Trial, to Vacate Or Modify Prior Orders, and to Withdraw/Strike
Deemed Admissions." Gutierrez had a hearing on that motion before Judge Ramsay of
the 428th District Court of Hays County on December 15, 2006. After the hearing, Judge
Ramsay granted Gutierrez's motion and vacated Judge Henry's August 8th order granting
summary judgment in favor of relator. Relator requests this court to order Judge Ramsay
to vacate his order of December 15th and to proceed no further in this case.

Finality of August 8th Order

 First, relator contends that the August 8th order disposed of all claims and was a final
order. Since Gutierrez filed a motion for new trial within thirty days of the August 8th order,
relator contends that the trial court had plenary jurisdiction under rule 329b(e) of the Texas
Rule of Civil Procedure to vacate the judgment for thirty days after the motion for new trial
was overruled, either by operation of law or by written order. Tex. R. Civ. P. 329b(e). 
Relator contends Judge Ramsay's order was issued after the expiration of such time
period.

 In determining finality, we are to err on the side of preserving appeals by ensuring
that the right to appeal is not lost by overly technical application of the law. See Lehmann
v. Har-Con Corp., 39 S.W.3d 191, 205 (Tex. 2001). A judgment issued without a
conventional trial on the merits is final for purposes of appeal if, and only if, either it actually
disposes of all claims and parties then before the court, regardless of its language, or 
states with unmistakable clarity that it is a final judgment as to all claims and all parties. 
Id. at 192-93. A claim is not waived merely because it is not presented in a motion for
summary judgment. See McNally v. Guevara, 52 S.W.3d 195, 196 (Tex. 2001). Also, on
appeal, we do not presume that the motion for summary judgment addresses all of a
movant's claims. See Sw. Invs. Diversified, Inc. v. Estate of Mieszkuc, 171 S.W.3d 461,
467 (Tex.App.-Houston [14th Dist.] 2005, no pet.).

 In this case, the order granting summary judgment in favor of relator does not
contain a Mother Hubbard clause, nor does it dispose of court costs or attorney fees.
Therefore, without clear indication that relator was waiving its claim of attorney fees, see
Dallas Fire Fighters Ass'n v. Booth Research Group, Inc., 156 S.W.3d 188, 198
(Tex.App.-Dallas 2005, pet. denied) (party waived attorney fees by letter prior to entry of
summary judgment), and without a clear indication of the trial court's intention to dispose
of all issues, we conclude that the issues of attorney fees and court costs remain
unresolved. Hence, the order of August 8th is not a final judgment.

District Court Authority 

 In any county in which there are two or more district courts, in case of absence, any
of the district judges may hold court for another. See Tex. Gov't Code Ann. § 24.303(c)
(Vernon 2004). See also Tex. Const. art. V, § 11; Tex. R. Civ. P. 330(e). Any of the
district judges within a county may hear and determine any part or question of any case
or proceeding pending in any of the courts, and any other of the district judges may
complete the hearing and render judgment in the case or proceeding. Tex. Gov't Code
Ann. § 24.303(c) (Vernon 2004). Any of the district judges may hear and determine
motions for new trials and may enter judgment or issue orders on them in the court in
which the case or proceeding is pending without transferring the case or proceeding. See
id. The district judge in whose court the matter is pending may proceed to hear, complete,
and determine that matter or all or any part of any other matter and render a final
judgment. Id. 

 In this case, both trial court district judges have jurisdiction in Hays County. 
Therefore, both trial court district judges had concurrent jurisdiction to hear any part of the
proceeding. See Pinnacle Gas Treating, Inc. v. Read, 160 S.W.3d 564, 566 (Tex. 2005). 
No formal order is necessary to grant jurisdiction to Judge Ramsay. See id. Since we
have concluded that the order signed by Judge Henry on August 8, 2006 was not a final
judgment, all issues have not been disposed of by Judge Henry; therefore, the 274th district
court maintains its jurisdiction. Likewise, since the district courts of Hays County have
concurrent jurisdiction, the 428th district court also has jurisdiction over the pending suit. 

Conclusion

 For the foregoing reasons, we deny relator's petition for mandamus. 

 



 Mackey K. Hancock

 Justice