AUSTIN V. RURAL/METRO OF NORTH TX

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-06-115-CV

BRIAN DANIEL AUSTIN,      APPELLANTS

EDNA MARY MALLOUF MALLICK, 

AND FRED MALLICK 

V.

RURAL/METRO OF NORTH TEXAS,         APPELLEES

L.P. INDIVIDUALLY AND 

D/B/A RURAL/METRO AMBULANCE 

AND RURAL/METRO CORPORATION, 

AND UNITED STATES FIDELITY & 

GUARANTY COMPANY 

------------

FROM THE 96TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellants Brian Daniel Austin, Edna Mary Mallouf Mallick, and Fred Mallick are attempting to appeal the following trial court orders:

•December 14, 2005 order denying Austin’s motion for partial summary judgment and the Mallicks’ motion for summary judgment;

•December 14, 2005 order granting the first amended motion for summary judgment and/or motion to strike plea in intervention filed by appellee Rural/Metro of North Texas, L.P.;
(footnote: 2)

•December 14, 2005 order granting Rural/Metro’s first amended motion for summary judgment regarding intervenors’ duty to indemnify; 

•March 9, 2006 order granting the motion for summary judgment filed by appellee United States Fidelity & Guaranty Company (USF&G). 

We dismiss the appeal for want of jurisdiction.

On April 5, 2006, we informed appellants by letter of our concern that we lack jurisdiction over the appeal because the above orders do not dispose of all parties in the case and do not appear to be appealable interlocutory orders. Appellants filed a response on April 28, contending that the orders are appealable because all parties and claims have been disposed of.  On May 2, however, we notified appellants that we would address the judgment issue with the appeal on the merits.  On May 3, 2006, the appellees filed a joint motion to dismiss for want of jurisdiction, asserting that the summary judgment orders being appealed are interlocutory because they do not fully dispose of appellees’ counterclaims for indemnity against the Mallicks.  Appellants have not responded to the motion to dismiss.

We have reviewed the clerk’s record, which shows that the trial court’s December 14, 2005 and March 9, 2006 summary judgment orders do not dispose of the following claims:

•Rural/Metro’s counterclaims against Austin for fraud, breach of fiduciary duty, indemnity, and sanctions under Texas Rule of Civil Procedure 215(2)(b);

•Rural/Metro’s request for damages, attorney’s fees, and investigation and defense costs as part of its third-party indemnity and declaratory judgment claim against the Mallicks;

•USF&G’s request for damages, attorney’s fees, and investigation and defense costs as part of its third-party indemnity and declaratory judgment claim against the Mallicks. 

Although the orders declare that the Mallicks must indemnify Rural/Metro and USF&G for all claims asserted by Austin, the orders leave open the issue of the amount of damages, attorney’s fees, and investigation and defense costs for which the Mallicks are liable.  Further, the orders do not address Rural/Metro’s counterclaims and request for sanctions against Austin. 

Where, as here, th
ere has not been a conventional trial on the merits, an order or judgment is not final for purposes of appeal unless it actually disposes of every pending claim and party or clearly and unequivocally states that it finally disposes of all claims and all parties.
(footnote: 3)  There is no presumption that a motion for summary judgment addresses all of the movant’s claims.
(footnote: 4)  Further, a summary judgment order that does not appear final on its face and does not dispose of a claim for attorney’s fees is not final.
(footnote: 5)
 The summary judgment orders in this case do not unequivocally state that they finally dispose of all claims and all parties in the underlying case, nor do they otherwise dispose of Rural/Metro’s counterclaims against Austin or the appellees’ claims against the Mallicks for damages, attorney’s fees, and investigation and defense costs.  Accordingly, the orders are not appealable.
(footnote: 6)  Therefore, we grant appellees’ motion to dismiss and dismiss the appeal for want of jurisdiction.
(footnote: 7)

PER CURIAM

PANEL D: CAYCE, C.J.; LIVINGSTON and DAUPHINOT, JJ.

DELIVERED:  August 17, 2006

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
The Mallicks were the intervenors below. 

3:
Lehmann v. Har-Con Corp.,
 39 S.W.3d 191, 205 (Tex. 2001).

4:
McNally v. Guevara,
 52 S.W.3d 195, 196 (Tex. 2001).

5:
Id.

6:
Id.
; 
Lehmann,
 39 S.W.3d at 205.

7:
Anderson v. Long,
 52 S.W.3d 385, 386 (Tex. App.—Fort Worth 2001, no pet.).