Opinion filed January 25, 2007
















 
 
  
 
 







 
 
  
 
 




Opinion filed January 25, 2007

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                 ____________

 

                                                          No. 11-05-00354-CV

                                                     __________

 

             GILBERT
LIMON AND MARTHA LIMON, INDIVIDUALLY

                        AND
D/B/A LIMON HAULING CO., Appellants

 

                                                             V.

 

                                    J.T.B.
SERVICES, INC., Appellee

 



 

                                          On
Appeal from the 53rd District Court

                                              Travis County,
Texas

                                               Trial
Court Cause No. GN0-00466

 



 

                                              M
E M O R A N D U M   O P I N I O N

 

Gilbert Limon and Martha Limon, individually and
d/b/a Limon Hauling Co. attempt to appeal a take-nothing summary judgment
rendered in favor of J.T.B. Services, Inc. 
J.T.B. and other defendants who are not parties to this appeal were sued
by the Limons for causes of action related to a demolition and excavation
contract with the City of Austin.  The Limons asserted breach of contract and
fraud causes of action against J.T.B., and J.T.B. counterclaimed for breach of
contract, a declaratory judgment, attorney=s
fees, and tortious interference.  J.T.B.
filed a motion for traditional summary judgment with respect to the claims
asserted by the Limons against J.T.B. 
The trial court ultimately granted J.T.B.=s
motion.  We dismiss the appeal.








Generally, a summary judgment order is not a final
judgment for purposes of appeal unless it actually disposes of all claims and
all parties.  Lehmann v. Har-Con Corp.,
39 S.W.3d 191, 205 (Tex.
2001).  An order that adjudicates only
the plaintiff=s claims
against the defendant does not adjudicate a counterclaim.  Id.


The record in this case shows that the causes of
action asserted by J.T.B. in its counterclaim against the Limons have not been
disposed of.  Neither party moved for
summary judgment on the issues asserted by J.T.B. in its counterclaim.  Further, the summary judgment order in this
case reflects that the trial court granted summary judgment only as to the
causes of action asserted by the Limons against J.T.B.  The order specifically reads: 

IT IS ORDERED that plaintiffs, Gilbert Limon and
Martha Limon, Individually and D/B/A Limon Hauling Co., take nothing against
the defendant, J. T. B. Services, Inc., that all claims asserted by plaintiffs
against J. T. B. Services, Inc., are denied, and that all costs of court be
taxed against plaintiffs.  

 

All relief requested in this case
against J. T. B. Services, Inc. is denied.

Because the claims asserted in J.T.B.=s counterclaim against the Limons have
not been disposed of, the trial court=s
order is not a final, appealable judgment. 
See McNally v. Guevara, 52 S.W.3d 195 (Tex. 2001); Lehmann, 39 S.W.3d at
205.  On December 12, 2006, this court
notified the parties of our concern pursuant to Tex. R. App. P. 42.3. 
We have received a response from the Limons in which they concur that
the trial court=s order
is not a final order.[1]  Because the trial court=s order is not a final, appealable
judgment, we have no jurisdiction to consider the appeal.  

Accordingly, the appeal is dismissed.  

 

PER CURIAM

 

January 25, 2007

Panel
consists of:  McCall, J.,

Strange,
J., and McCloud, S.J.[2]











[1]We note that the Limons= Aresponse@ sought a variety of relief and was, therefore, deemed
by this court to be a motion.  We
received, rather than filed, the motion because neither a filing fee nor a
certificate of conference has been received by this court.





[2]Austin McCloud, Retired Chief Justice, Court of
Appeals, 11th District of Texas at Eastland sitting by assignment.