# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---
### NO. 03-11-00425-CV
---

**Save Our Springs Alliance, Inc., Appellant**

**v.**

**City of Kyle; Jack Goodman; Craig Smith; Mary Stone; Gary Franklin; and Bob Larson, each in their Official Capacity as Directors of the Barton Springs-Edwards Aquifer Conservation District; and the Barton Springs-Edwards Aquifer Conservation District, Appellees**

---
### FROM THE DISTRICT COURT OF HAYS COUNTY, 22ND JUDICIAL DISTRICT
### NO. 10-1267, HONORABLE CHARLES R. RAMSEY, JUDGE PRESIDING
---

### M E M O R A N D U M   O P I N I O N

The City of Kyle ("the City") filed a petition for judicial review of a decision by the Barton Springs-Edwards Aquifer Conservation District ("the District") to partially deny the City's application for a Class B Conditional Pumpage Permit. The City also sought declaratory relief regarding the applicable criteria governing the District's decision on its permit application. *See* Tex. Civ. Prac. & Rem. Code Ann. § 37.003 (West 2008). Save Our Springs Alliance, Inc. ("SOSA") filed a plea in intervention claiming that it had a justiciable interest in the suit and requesting that the relief requested by the City be denied. The City filed a motion to strike the plea in intervention, which the district court granted. Thereafter, the district court considered the City's and the District's cross-motions for summary judgment. On June 1, 2011, the court signed an order denying the District's motion for summary judgment and granting the City's. The order recites:

> The parties shall bear their own costs of court and attorneys' fees, except that a hearing will be conducted by this Court on whether costs and attorneys' fees should be awarded to the City on its claims pursuant to Section 37.009 of the Texas Civil Practice and Remedies Code, and if so awarded, the amount. The Court will enter a final judgment in this case at the time it rules on the costs and attorneys' fees issue.

There is no further order or judgment in the record. SOSA filed its notice of appeal on July 11, 2011 seeking to appeal both the order granting the City's motion to strike its plea in intervention and the June 1, 2011order addressing the cross-motions for summary judgment.

An order striking a defendant-intervenor's plea in intervention may not be appealed before the rendition of a final judgment in the cause. *Metromedia Long Distance, Inc. v. Hughes*, 810 S.W.2d 494, 499 (Tex. App.—San Antonio 1991, writ denied). The June 1, 2011 order does not purport to be a final judgment, and in fact expressly states that the court intends to render a final judgment after ruling on the attorneys' fees and costs issue. Because the order SOSA seeks to appeal from does not appear final on its face and does not dispose of the City's claim for attorneys' fees, it is not an appealable order. *McNally v. Guevara*, 52 S.W.3d 195, 196 (Tex. 2001). In the absence of an appealable order, this Court is without jurisdiction.

The appeal is dismissed.

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Pemberton and Henson

Dismissed for Want of Jurisdiction

Filed:   September 16, 2011

3