Order filed January 26,
2012

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-11-00311-CV

                                                    __________

 

                          BLM
OF BROWNWOOD, INC., Appellant

                                                             V.

                      MID-TEX
CELLULAR, LTD. ET AL., Appellees



 

                                   On
Appeal from the 35th District Court

                                                           Brown
County, Texas

                                                Trial
Court Cause No. CV 1009295

 



 

                                                                     O
R D E R

 

BLM of Brownwood, Inc. filed a notice of appeal after the trial
court entered two take-nothing judgments in this case: one in favor of defendant
Mid-Tex Cellular, Ltd. and the other in favor of defendants John Boysen, Marcus
Boysen, and Jerry Boysen.  Upon reviewing the clerk’s record, this court
notified the parties that it did not appear to this court that the trial court had entered a final, appealable judgment. 
As requested, BLM filed a response on January 9, 2012.  In its response, BLM
asserted that the trial court, in granting the defendants’ motions for summary
judgment, had disposed of all causes of action and that, together, the
judgments constituted a final, appealable judgment.  We disagree.  Consequently,
we abate the appeal pursuant to Tex. R.
App. P. 27.2 to permit the trial court to render a final judgment.  

            Except
for “a few mostly statutory exceptions,” this court’s jurisdiction is limited
to appeals from final judgments.  Lehmann v. Har-Con Corp., 39 S.W.3d
191, 195 (Tex. 2001).  We determine whether a judgment is a final, appealable
judgment based on the language in the judgment and the record of the case.  Id. 
A judgment is final and appealable if it disposes of all parties and all claims
in the case.  Id.  

            In its
petition, BLM asserted claims for tortious interference with a contract, breach
of contract, conversion, statutory fraud, and negligence and specifically requested
to be reimbursed for its reasonable attorney’s fees.  In their pleadings, the defendants
also requested to be awarded attorney’s fees.  All parties moved for summary
judgment, but none moved for summary judgment on any claim for attorney’s fees.
 The judgments from which BLM appeals are each entitled “FINAL SUMMARY JUDGMENT”
and purport to be final and appealable, but they do not dispose of all parties
and all claims.  In the judgments, the trial court granted the defendants’ motions
for summary judgment and rendered judgment that BLM take nothing.  The
judgments do not address the claims for attorney’s fees, and nothing in the
record shows that the parties’ claims for attorney’s fees have been nonsuited,
severed, or otherwise finally disposed of by the trial court.  Consequently,
there is not yet a final, appealable judgment in this case.  See McNally v.
Guevara, 52 S.W.3d 195 (Tex. 2001) (holding that summary judgment was not
final and appealable because it did not dispose of claim for attorney’s fees).  

We
hold that, although the judgments may purport to be final, they are not; they
do not dispose of all parties and all claims.  Because the trial court has not
disposed of all of the claims before it, we do not have jurisdiction to
entertain an appeal at this time.  We abate the appeal pursuant to Rule 27.2 so
that the trial court may render a final judgment.  The trial court is
instructed to do so on or before February 27, 2012, and the court reporter and
district clerk are ordered to file in this court any supplemental records
relating to the entry of a final judgment on or before March 13, 2012.

            The
appeal is abated.

 

January 26, 2012                                                                     PER
CURIAM

Panel consists of: Wright, C.J.,

McCall, J., and Kalenak, J.