COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER—INTENT TO DISMISS FOR WANT OF JURISDICTION

Appellate case name:      Elena Markovsky v. Kirby Tower, L.P.

Appellate case number:    01-13-00516-CV

Trial court case number:  2009-03458

Trial court:              11th District Court of Harris County

Appellant Elena Markovsky is notified that the Court may dismiss this appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a). Markovsky appears to be attempting to appeal from an interlocutory order. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 200 (Tex. 2001).

The trial court's summary-judgment order does not contain a Mother Hubbard clause and does not indicate whether the relief granted is based upon Kirby Tower's breach of contract claim, declaratory judgment claim, or both. Moreover, the record indicates that Kirby Tower did not include its claim for attorney's fees in its summary-judgment motion, and therefore the order granting Kirby Tower's motion is not a final judgment. *See McNally v. Guevara*, 52 S.W.3d 195, 196 (Tex. 2001) (party's omission of attorney's fees claim from summary-judgment motion, when fees requested in petition, does not waive claim; summary judgment was not final).

We do not have jurisdiction to hear an interlocutory appeal unless it is authorized by statute. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014 (West 2008); *Stary v. DeBord*, 967 S.W.2d 352, 352–53 (Tex. 1998). Unless Markovsky (1) files a response demonstrating by citation to the law that this Court has jurisdiction of the appeal, or (2) moves to abate this appeal to permit the trial court to render a final judgment, this appeal will be dismissed for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a), 43.2(f); *McNally*, 52 S.W.3d at 196. Markovsky's response, if any, is **due in this Court no later**

**than 10 days from the date of this order**.


Judge's signature: <u>/s/ Rebeca Huddle</u>

           ☑ Acting individually    ☐ Acting for the Court


Date:  <u>September 11, 2014</u>