

In The

Court of Appeals

Seventh District of Texas at Amarillo

_____

No. 07-14-00321-CV
_____

NITA TOMLINSON, GEORGANNA BRIGGS AND
CARRIE MONTGOMERY PROPERTIES, INC., APPELLANTS

V.

MIAMI BANCSHARES, INC., DAVID E. LOCKE, GREG ACKER,
JOYCE L. CARTER AND SUSAN RHOADES, APPELLEES

On Appeal from the 99th District Court
Lubbock County, Texas
Trial Court No. 2013-507,803; Honorable William Sowder, Presiding

September 19, 2014

MEMORANDUM OPINION

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Nita Tomlinson, Georganna Briggs and Carrie Montgomery Properties, Inc., filed a notice of appeal from the trial court's *Partial Summary Judgment* in favor of Appellees, Miami Bancshares, Inc., David E. Locke, Greg Acker, Joyce L. Carter and Susan Rhoades. The appellate record has yet to be filed. Pending before this Court is *Appellees' Motion to Dismiss Appeal for Lack of Jurisdiction*. Appellants did not file a

response to the motion. For the reasons expressed herein, we grant the motion and dismiss the appeal.

An order issued without a conventional trial on the merits is final for purposes of appeal if either it actually disposes of all claims and parties then before the court, regardless of its language, or it states clearly and unequivocally that it is a final judgment as to all claims and parties. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 192-93 (Tex. 2001). If a judgment does not dispose of a claim for attorney's fees or otherwise appear on its face to be final, it is not a final judgment for purposes of appeal. *McNally v. Guevara*, 52 S.W.3d 195, 196 (Tex. 2002).

A copy of the trial court's partial summary judgment provided with the notice of appeal recites "IT IS FURTHER ORDERED, ADJUDGED and DECREED that [Appellees] are entitled to recover judgment from and against [Appellants] for their reasonable attorney's fees and costs, in an amount to be determined upon further hearing by this Court." The judgment continues this "Partial Summary Judgment resolves all of the parties' claims and counterclaims other than a determination of the amount of the [Appellees'] award of attorney's fees and costs."

Because the attorney's fees claim has yet to be resolved, there is no final, appealable judgment which is a prerequisite to invoking our jurisdiction when an interlocutory appeal is not otherwise authorized.[1] Consequently, we dismiss this purported appeal for want of jurisdiction.

Per Curiam

---

[1] *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014 (West Supp. 2014).