**Abatement Order filed October 23, 2014**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-14-00710-CV

_____

**NATHANIEL SHELTON AND MARCIA SHELTON, Appellants**

**V.**

**ALFRED KALBOW, AS TRUSTEE OF ALFRED MARTIAL TRUST, ET. AL., Appellees**

---

**On Appeal from the 335th District Court**
**Washington County, Texas**
**Trial Court Cause No. 35589**

---

## ABATEMENT ORDER

This is an appeal from a judgment signed July 29, 2014. Appellee Alfred Kalbow, trustee of the Alfred Kalbow Marital Trust, filed a motion to dismiss for want of jurisdiction. It appears from the record that the judgment may not be final. *See McNally v. Guevara*, 52 S.W.3d 195, 196 (Tex. 2001) (judgment that did not dispose of attorney's fees was not an appealable judgment, and party's omission of attorney's fees in motion for summary judgment did not waive the claim).

The Texas Supreme Court has advised that if an appellate court is uncertain about the intent of an order to finally dispose of all claims and parties, it can abate the appeal to permit clarification by the trial court. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 206 (Tex. 2001). Texas Rule of Appellate Procedure 27.2 provides as follows:

> The appellate court may allow an appealed order that is not final to be modified so as to be made final and may allow the modified order and all proceedings relating to it to be included in a supplemental record.

Tex. R. App. P. 27.2.

Accordingly, we order the case abated and remanded to the trial court for a period of thirty days so that the trial court may clarify whether the partial summary judgment became final when the severance order was signed, and to permit the parties to obtain an order or orders disposing of attorneys' fees, if necessary. A supplemental clerk's record containing the trial court's clarifying order(s) shall be filed with the clerk of this court on or before **December 1, 2014.**

The appeal is abated, treated as a closed case, and removed from this court's active docket. The appeal will be reinstated on this court's active docket when the supplemental clerk's record is filed in this court. The court will also consider an appropriate motion to reinstate the appeal filed by either party, or the court may reinstate the appeal on its own motion.

It is so ORDERED.


PER CURIAM