COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER OF ABATEMENT

Appellate case name:      Playa Vista, L.P., Morgan-Multi Family LLC, and Scott
                          Morgan v. Lakeside Re, LP, GSRE, Inc., and Avi Ron

Appellate case number:    01-14-00871-CV

Trial court case number:  2014-28663

Trial court:              270th Judicial District Court of Harris County

Appellants, Playa Vista, L.P., Morgan-Multi Family LLC, and Scott Morgan, have filed a combined motion to stay proceedings and to extend time to file their appellate brief. After appellants had perfected their appeal from the trial court's September 30, 2014 order granting appellees' motion for summary judgment, the trial court notified the parties of an interlocutory summary judgment signed on November 13, 2014, modifying the final judgment into an interlocutory order. Appellants state that appellees scheduled a final summary judgment hearing in the trial court for December 19, 2014. Thus, appellants move to abate this appeal for the trial court to render a final judgment and request a 90-day extension of time to file their appellate brief from December 22, 2014, until March 22, 2015, to allow time for a supplemental clerk's record to be filed. Appellees have filed a response in opposition to this motion.

The motion to stay is **GRANTED** in part for 30 days and the motion for an extension of time to file appellate brief is **DISMISSED** without prejudice to refiling after reinstatement. *See McNally v. Guevara*, 52 S.W.3d 195, 196 (Tex. 2001) (reversing and remanding for the court of appeals to determine whether to abate the appeal to permit the trial court to render a final judgment or to dismiss for want of jurisdiction). The appeal is abated and removed from this Court's active docket to permit the trial court to render a final judgment. *See* TEX. R. APP. P. 27.2 (allowing an appealed non-final order to be modified to be made final and included in a supplemental record). However, if a supplemental clerk's record containing a final judgment is not received **within 30 days of the date of this order**, the appeal may be dismissed for want of jurisdiction unless appellants move to extend the abatement and an extension is granted. *See* TEX. R. APP. P. 42.3(a), 43.2(f); *McNally*, 52 S.W.3d at 196.

Accordingly, the appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when a supplemental clerk's record containing a final judgment is filed in this Court.

It is so ORDERED.


Judge's signature: /s/ Laura C. Higley
        ☑ Acting individually ☐ Acting for the Court

Date: December 23, 2014