COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER OF ABATEMENT

Appellate case name:      Todd David Rogers v. Gina Marie Rogers

Appellate case number:    01-15-00224-CV

Trial court case number:   12-DCV-199022

Trial court:                 434th District Court of Fort Bend County

Appellant, Todd David Rogers, has moved to abate this appeal to permit the trial court to render a final judgment, contending that he had filed his notice of appeal the day before the entry of the final decree of divorce was set to be entered, but that the final judgment date has been reset a couple of times since then. Although the clerk's record, filed on April 20, 2015, included the trial court's order, signed on February 9, 2015, that does not appear to be a final judgment. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 192–93 (Tex. 2001). Accordingly, appellant's motion to abate is **GRANTED** and this case is **ABATED** and **REMANDED** to the trial court to render a final judgment. *See* TEX. R. APP. P. 27.2; *McNally v. Guevara*, 52 S.W.3d 195, 196 (Tex. 2001) (reversing and remanding for the court of appeals to determine whether to abate the appeal to permit the trial court to render a final judgment or to dismiss for want of jurisdiction).

However, if a supplemental clerk's record containing a final judgment is not received within **30 days** of the date of this order, the appeal may be dismissed for want of jurisdiction unless appellant moves to extend the abatement and an extension is granted. *See* TEX. R. APP. P. 42.3(a), 43.2(f); *McNally*, 52 S.W.3d at 196. This appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when a supplemental clerk's record containing a final judgment is filed in this Court.

It is so ORDERED.

Judge's signature: /s/ Laura C. Higley _____

                      ☑ Acting individually      ☐ Acting for the Court

Date: August 11, 2015 _____