In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-20-00059-CV
_____

**JOHN PYLATE AND LISA PYLATE, Appellants**

**V.**

**PORTER RV PARK, LLC, Appellee**

_____

**On Appeal from the 258th District Court**
**San Jacinto County, Texas**
**Trial Cause No. CV14,836**

_____

**MEMORANDUM OPINION**

On December 15, 2021, we notified the parties that the trial court's judgment entered on January 23, 2020, did not appear to be a final judgment because it did not appear to dispose of all the issues and parties before the trial court. The underlying litigation involved competing declaratory judgment actions by John and Lisa Pylate ("the Pylates") and Porter RV Park, LLC, Joann Scarborough, and Marc Love (collectively, "Porter"). Porter sought a boundary determination, and the Pylates

sought an injunction prohibiting Porter from limiting the Pylates' access to their property and a declaration that a prescriptive easement existed. The parties each sought attorney's fees.

Porter filed a motion seeking summary judgment on the Pylates' claims against them. The motion did not address Porter's affirmative claims against the Pylates seeking a declaration regarding the property boundaries or the injunction. The motion only mentioned the attorney's fees in the prayer and did not attach any summary judgment evidence supporting those fees. The order granted the summary judgment in favor of Porter, Scarborough, and Love and against the Pylates determining there was no easement. The order does not dispose of the claims for attorney's fees, the injunction, or make a boundary determination. Likewise, the issue of attorney's fees was not addressed at the hearing.

Porter RV Park filed a response to our request in which it failed to establish that the trial court disposed of all issues in the competing declaratory judgment actions of the parties.

"A judgment is final for purposes of appeal if it disposes of all pending parties and claims in the record, except as necessary to carry out the decree." *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001) (footnote omitted). The trial court's order granting summary judgment leaves unresolved Porter's affirmative claims for a boundary determination, injunction, and attorney's fees. In addition, the

trial court's order granting summary judgment does not contain clear language indicating that the trial court intended for it to dispose of all parties' claims. *See generally Lehmann*, 39 S.W.3d at 192-93. The record before us does not indicate that the trial court has disposed of Porter's boundary determination and attorney's fee claims against the Pylates. Accordingly, we dismiss the appeal for want of jurisdiction. *See Farm Bureau Cty. Mut. Ins. Co. v. Rogers*, 455 S.W.3d 161, 163-64 (Tex. 2015) (noting "[i]n the absence of evidence of the trial court's intent with respect to the parties' claims for attorney's fees, we find that the trial court's order did not dispose of all parties and claims[]" and affirming dismissal for want of jurisdiction); *McNally v. Guevera*, 52 S.W.3d 195, 195-96 (Tex. 2001) (in a declaratory action over an easement, concluding there was not an appealable judgment "[b]ecause the judgment does not appear final on its face, and because it did not dispose of the defendants' claim for attorney fees[]").

     APPEAL DISMISSED.

_____
     CHARLES KREGER
     Justice

Submitted on November 9, 2021
Opinion Delivered January 20, 2022

Before Kreger, Horton and Johnson, JJ.