**Motion Granted; Appeal Abated and Order filed May 12, 2022**



In The

# Fourteenth Court of Appeals

## NO. 14-21-00694-CV

**BORUSAN MANNESMANN PIPE US, INC., Appellant**

**V.**

**HUNTING ENERGY SERVICES, LLC, Appellee**

**On Appeal from the 80th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2020-38984**

## ABATEMENT ORDER

This appeal is from an order signed September 29, 2021. The "Partial Judgment" signed September 29, 2021, expressly reserves disposition of the claim for attorney's fees. *See McNally v. Guevara*, 52 S.W.3d 195, 196 (Tex. 2001) (holding a judgment that did not dispose of a claim for attorney fees was not a final, appealable judgment).

On April 14, 2022, notification was transmitted to the parties of this court's intention to dismiss the appeal for want of jurisdiction unless the parties filed a response demonstrating grounds for continuing the appeal. *See* Tex. R. App. P.

42.3(a). On April 25, 2022, appellant filed an unopposed motion to abate the appeal until the trial court rules on the claim for attorney's fees.

Texas Rule of Appellate Procedure 27.2 provides as follows:

The appellate court may treat actions taken before an appealable order is signed as relating to an appeal of that order and give them effect as if they had been taken after the order was signed. The appellate court may allow an appealed order that is not final to be modified so as to be made final and may allow the modified order and all proceedings relating to it to be included in a supplemental record.

Tex. R. App. P. 27.2. Accordingly, we grant appellant's motion and order the case abated and remanded to the trial court for a period of thirty days to permit the parties to obtain an order disposing of the claims for attorney's fees. A supplemental clerk's record containing the trial court's order shall be filed with the clerk of this court within **thirty days** of the date of this order.

The appeal is abated, treated as a closed case, and removed from this court's active docket. The appeal will be reinstated on this court's active docket when the supplemental clerk's record is filed in this court. The court will also consider an appropriate motion to reinstate the appeal filed by either party, or the court may reinstate the appeal on its own motion. It is the responsibility of any party seeking reinstatement to request a hearing date from the trial court and to schedule a hearing, if a hearing is required, in compliance with this court's order. If the parties do not request a hearing, the court coordinator of the trial court shall set a hearing date and notify the parties of such date.

PER CURIAM

Panel consists of Chief Justice Christopher and Justices Wise and Jewell.

2