# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-22-00176-CV

**Appellant, Abira Medical Laboratories, LLC d/b/a Genesis Diagnostics// Cross-Appellant, OMH-Healthedge Holdings, Inc. d/lb/a Omega Healthcare Management Services**

**v.**

**Appellee, OMH-Healthedge Holdings, Inc. d/lb/a Omega Healthcare Management Services// Cross-Appellee, Abira Medical Laboratories, LLC d/b/a Genesis Diagnostics**

### FROM THE 126TH DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-GN-21-001179, THE HONORABLE MAYA GUERRA GAMBLE, JUDGE PRESIDING

## O R D E R   A N D   M E M O R A N D U M   O P I N I O N

**PER CURIAM**

This Court is obligated to determine, sua sponte, our own jurisdiction. *New York Underwriters Ins. Co. v. Sanchez*, 799 S.W.2d 677, 678 (Tex. 1990) (per curiam). Our jurisdiction is established exclusively by constitutional and statutory enactments. *See, e.g.*, Tex. Const. art. V, § 6; Tex. Gov't Code § 22.220. Unless one of the sources of our authority specifically authorizes an interlocutory appeal, we only have jurisdiction over an appeal taken from a final judgment. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001).

In the present case, the trial court granted a motion for summary judgment filed by OMH-Healthedge Holdings, Inc. d/lb/a Omega Healthcare Management Services (Omega). The summary-judgment order recites that Omega "have and recover from [sic] **JUDGMENT** from Abira Medical Laboratories, LLC d/b/a Genesis Diagnostics as follows:

1. Actual damages, after applying all applicable offsets and credits in the amount of $90,401.49;

2. Pre-judgment interest in the amount of 1.5% per month, totaling $32,232.47 as of November 22, 2021;

3. Attorneys' fees, associated expenses, and court costs in the amount to be determined by the Court in the absence of an agreement by the parties;

4. Post-judgment interest on those sums (actual damages, pre-judgment interest, and attorneys' fees) awarded at an annual rate of five percent (5%) from January 6, 2022.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED**, that Plaintiff is allowed such writs and processes as may be necessary in the enforcment and collection of this Judgment."

In this order, the trial court indicated that Omega was entitled to an award of attorney's fees, expenses, and costs, and provided that it would determine the specific amount if the parties failed to reach an agreement. Because the order did not follow a conventional trial on the merits and did not dispose of Omega's claim for attorney's fees, it was not a final judgment. *See McNally v. Guevara*, 52 S.W.3d 195, 196 (Tex. 2001) (per curiam) (holding that summary judgment order that did not not dispose of claim for attorney's fees was not final judgment).

When Omega and Abira were unable to reach an agreement on the attorney's fee award, Omega filed a pleading titled "Motion to Modify Final Judgment to Include Amount of Attorneys' Fees and Costs" to which it attached an affidavit and invoices supporting its request for $55,215.00 in attorney's fees and $643 in costs. Rather than filing a motion requesting the court to make the anticipated determination of the attorney's fee award, Omega apparently—and erroneously—believed that the order granting summary judgment was a final judgment that would need to be "modified" to incorporate an attorney's fee award. The court denied the motion to modify the judgment in an order that stated the "motion to modify the Court's final

judgment in order to incorporate attorney's fees into the judgment lacks merit and should be denied." It appears the court may have been under the impression that its prior order was final and that it was denying what it believed was a post-judgment request to modify a final judgment. In any event, the result was that, although the court had previously ordered that Omega was entitled to attorney's fees, it failed to make a determination of any specific amount. The parties maintain that the trial court's order constitutes the court's determination that the attorney's fee award should be zero and that the court's order thereby disposed of all claims and is final. It does not appear so clear to us. The court's order did not state that it was awarding "zero" attorney's fees, but only that the motion to modify "lacks merit and should be denied."

The trial court's failure to award attorney's fees to Omega despite its previous order awarding Omega a then-undetermined amount of fees, and despite Omega's having submitted evidence sufficient to support an award of some amount of fees, creates uncertainty as to the trial court's intentions regarding the attorney's fee award. Did the trial court intend to award zero dollars in fees despite having previously determined that Omega was entitled to them? Or did the trial court determine that it would not "modify" what it believed to be a final judgment previously rendered in the case? If the former, the judgment would be final and appealable. If the latter, it would not be final because it never disposed of Omega's request for attorney's fees.

When the trial court's intentions are uncertain, the Texas Supreme Court has afforded us the option to abate the appeal to permit the trial court to clarify the order or judgment. *See Lehmann*, 39 S.W.3d at 206 ("If the appellate court is uncertain about the intent of the order, it can abate the appeal to permit clarification by the trial court.") (citing Tex. R. App. P. 27.2). We therefore abate this appeal so that the trial court can clarify its intent

3

regarding disposition of Omega's claim for attorney's fees. A supplemental clerk's record containing the trial court's clarification is due in this Court on or before 45 days from the date of this opinion. The appeal will be reinstated upon receipt of the supplemental clerk's record.

It is ordered on June 16, 2023.

Before Justices Baker, Theofanis, and Jones[*]

Abated and Remanded

Filed: June 16, 2023

[*]Before J. Woodfin Jones, Chief Justice (Retired), Third Court of Appeals, sitting by assignment. *See* Tex. Gov't Code § 74.003(b).