

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

## No. 02-23-00170-CV

———————————————————

MANOJ KATUWAL AND BHES R. GHIMIRE, Appellants

V.

BISHARJANA KAFLE, Appellee

On Appeal from the 153rd District Court
Tarrant County, Texas
Trial Court No. 153-327447-21

Before Sudderth, C.J.; Kerr and Walker, JJ.
Memorandum Opinion by Justice Walker

**MEMORANDUM OPINION**

Manoj Katuwal and Bhes R. Ghimire attempt to appeal from the trial court's order granting Bisharjana Kafle's motion for summary judgment (Order). Kafle has filed a motion to dismiss the appeal, arguing that we have no jurisdiction because the Order is not a final or appealable interlocutory order as it did not settle the issue of attorney's fees. In response to the motion to dismiss, Katuwal and Ghimire contend that the Order is a final judgment, claim that Kafle had not requested attorney's fees prior to rendition of the Order,[1] and raise various arguments as to why Kafle is not entitled to attorney's fees. We will grant the motion and dismiss this appeal.

The Order finds that "there is no genuine issue of material fact" as to Katuwal and Bhes's causes of action, states that it "finally disposes of all parties and all claims and is appealable," and orders that Kafle is entitled to enforce the judgment. However, it also orders that Kafle should recover costs of court but does not award a specific amount. Instead, the Order provides that "any attorneys fees shall be determined in a separate submission hearing with evidence via affidavits, and an opportunity for response and objections." After the Order was signed, Kafle filed a request for attorney's fees with the trial court, but this request remains pending.

We have jurisdiction to consider appeals only from final judgments or from interlocutory orders made immediately appealable by statute. *Lehmann v. Har-Con*

---

[1]The record shows that Kafle did request attorney's fees in the prayer of her original answer.

2

*Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). An order that does not appear final on its face or dispose of all pending parties and issues remains interlocutory and unappealable until a final judgment is rendered, unless a statutory exception applies. *See id.*; *see also In re Roxsane R.*, 249 S.W.3d 764, 774–75 (Tex. App.—Fort Worth 2008, orig. proceeding). Courts have routinely held that an order that leaves open the question of attorney's fees is not final and appealable—even if the order states that it is final and appealable or denies all relief not otherwise granted. *See, e.g.*, *McNally v. Guevara*, 52 S.W.3d 195, 196 (Tex. 2001); *WSG Asia Pac., Ltd. v. Fifield, Inc.*, No. 02-19-00400-CV, 2020 WL 3969557, at *2 (Tex. App.—Fort Worth June 18, 2020, no pet.) (per curiam) (mem. op.); *Zurich Am. Ins. Co. v. Debose*, No. 01-08-00717-CV, 2009 WL 793851, at *2 (Tex. App.—Houston [1st Dist.] Mar. 26, 2009, pet. denied) (mem. op.); *Chado v. PNL Blackacre, L.P.*, No. 05-04-00312-CV, 2005 WL 428824, at *1 (Tex. App.—Dallas Feb. 24, 2005, no pet.) (mem. op.).

Because the Order did not settle the issue of attorney's fees and explicitly called for a separate submission hearing and evidence to determine those fees, we hold that it is not a final judgment or an appealable interlocutory order. Accordingly, we grant Kafle's motion to dismiss and dismiss this appeal for want of jurisdiction. Tex. R. App. P. 42.3(a), 43.2(f).

/s/ Brian Walker
Brian Walker
Justice

Delivered: October 5, 2023

3