

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-24-00281-CV

---

RANDY BOND, APPELLANT

V.

DONLEY COUNTY COMMISSIONERS COURT, JOHN HOWARD, MARK WHITE, DANIEL FORD, NEIL KOETTING, AND DAN SAWYER, APPELLEES

---

On Appeal from the 100th District Court
Donley County, Texas
Trial Court No. DCV-23-07803, Honorable Dale A. Rabe, Presiding

---

October 23, 2024

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and YARBROUGH, JJ.

Appellant, Randy Bond, appeals from the trial court's *Order Granting Respondents' Motion for Summary Judgment and Denying Relator's Motion for Summary Judgment.* As there is no final judgment in this case and the summary judgment order is not immediately appealable, we dismiss the appeal for want of jurisdiction.

In 2023, Bond filed a petition for writ of mandamus in the trial court requesting an order compelling Appellees ". . . to set a reasonable salary for the Donley County

Constable for Precincts 3 & 4," along with an award for attorney's fees. Appellees answered, also requesting court costs and attorney's fees. Both parties subsequently moved for summary judgment. On July 29, 2024, the trial court signed an order granting Appellees' motion for summary judgment and denying Bond's competing motion. The summary judgment order provides that Appellees' "request for an award of costs and reasonable attorneys' fees shall remain pending on the Court's docket for future disposition." Bond appealed.

Our jurisdiction is limited to appeals from final judgments or from interlocutory orders made immediately appealable by statute. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001); *Stary v. DeBord*, 967 S.W.2d 352, 352–53 (Tex. 1998) (per curiam). "[W]hen there has not been a conventional trial on the merits, an order or judgment is not final for purposes of appeal unless it actually disposes of every pending claim and party or unless it clearly and unequivocally states that it finally disposes of all claims and all parties." *Lehmann*, 39 S.W.3d at 205–06.

In this case, the trial court's summary judgment order does not contain any finality language and does not resolve Appellees' claim for attorney's fees. *See Lehmann*, 39 S.W.3d at 205-06; *McNally v. Guevara*, 52 S.W.3d 195, 196 (Tex. 2001) (per curiam) (holding that a summary judgment order that "does not appear final on its face" and fails to "dispose of defendants' claim for attorney fees" is not a final, appealable judgment). Consequently, the trial court's summary judgment order is interlocutory; and, we have found no statutory authority permitting its appeal.

2

By letter of September 26, 2024, we informed the parties that it appeared we lacked jurisdiction over this appeal. We directed Bond to demonstrate grounds for continuing the appeal by October 7, 2024, or we would dismiss the appeal for want of jurisdiction. To date, Bond has not responded to our letter.

For the reasons set forth above, we conclude that there is no final judgment or appealable order presented for review. We, therefore, dismiss the appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a).

Per Curiam