**Dismiss and Opinion Filed December 9, 2024**



In The

**Court of Appeals**

**Fifth District of Texas at Dallas**

_____

**No. 05-24-00865-CV**

_____

**CEDRIC HARPER, Appellant**

**V.**

**JOHNNIE B. SMITH, JR. AND MARQUIES JACKSON-SMITH, Appellees**

_____

**On Appeal from the 298th Judicial District Court**

**Dallas County, Texas**

**Trial Court Cause No. DC-21-16733**

_____

## MEMORANDUM OPINION

Before Chief Justice Burns, Justice Pedersen, III, and Justice Carlyle

Opinion by Chief Justice Burns

This appeal challenges the trial court's summary judgment order.[1] Asserting the order is an unappealable interlocutory order that does not dispose of all parties and claims and the appeal is frivolous, appellee Johnnie B. Smith has filed a motion to dismiss the appeal and for damages. *See* TEX. R. APP. P. 42.3(a), 45. Though more than ten days have passed since the motion was filed, appellant has not responded to the motion. We grant the motion to the extent we dismiss the appeal.

_____

[1] The appeal also challenges the trial court's oral denial of appellant's motion for new trial. An oral ruling, however, is not appealable. *See Farmer v. Ben E. Keith Co.*, 907 S.W.2d 495, 496 (Tex. 1995) (per curiam) (signed, written order required to appeal).

It is well-settled that an appeal can only be taken from a final judgment that disposes of all parties and claims or an interlocutory order as authorized by statute. *See Jack B. Anglin Co., Inc. v. Tipps*, 842 S.W.2d 266, 272 (Tex. 1992). When, as here, a conventional trial on the merits has not been held, a judgment is final and appealable if it actually disposes of every pending claim and party in the case or clearly and unequivocally states it finally disposes of all claims and parties. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 205 (Tex. 2001).

As reflected in the clerk's record, appellee sued appellant and non-party to the appeal Aaron McCardell seeking a declaration that certain warranty deeds transferring property to appellant were void, rescission of the deeds, temporary injunctive relief, actual and exemplary damages, and attorney's fees. Subsequently, appellee Marquies Jackson-Smith, Smith's brother, intervened, seeking similar relief.

Smith moved for summary judgment on all claims against both appellant and McCardell, and Jackson-Smith joined in the motion. Following a hearing, the trial court granted the motion as to appellant only, signing an order declaring the deeds void. The summary judgment order, however, did not address the issues of damages and attorney's fees as to either Harper or McCardell and does not include any finality language.

Because the summary judgment order did not dispose of all issues and is not final on its face, we agree with Smith that the appeal should be dismissed. *See*

*McNally v. Guevara*, 52 S.W.3d 195, 196 (Tex. 2001) (per curiam); *Lehmann*, 39 S.W.3d at 205. We decline to award damages against appellant and grant the motion to the extent we dismiss the appeal. *See* TEX. R. APP. P. 42.3(a), 45; *McNally*, 52 S.W.3d at 196.

240865f.p05

/Robert D. Burns, III//

ROBERT D. BURNS, III
CHIEF JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

CEDRIC HARPER, Appellant

No. 05-24-00865-CV     V.

JOHNNIE B. SMITH, JR. AND
MARQUIES JACKSON-SMITH,
Appellees

On Appeal from the 298th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-21-16733.
Opinion delivered by Chief Justice
Burns, Justices Pedersen, III and
Carlyle participating.

In accordance with this Court's opinion of this date, we **DISMISS** the appeal.

We **ORDER** that appellees Johnnie B. Smith, Jr. and Marquies Jackson-Smith recover their costs, if any, of this appeal from appellant Cedric Harper.

Judgment entered this 9th day of December, 2024.