

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

No. 02-25-00139-CV

———————————————————

1 US CONSTRUCTION, LLC, Appellant

V.

REEDER GENERAL CONTRACTORS, INC. AND WESTFIELD INSURANCE CO., Appellees

On Appeal from the 153rd District Court
Tarrant County, Texas
Trial Court No. 153-351120-24

Before Birdwell, Bassel, and Womack, JJ.
Per Curiam Memorandum Opinion

# MEMORANDUM OPINION

Appellant 1 US Construction, LLC attempts to appeal from the trial court's "Order on Defendants' Motion for Summary Judgment and Request for Defensive Attorney's Fees." The case remains pending in the trial court. Because the order is neither a final judgment nor an appealable interlocutory order, we dismiss this appeal for want of jurisdiction.

We have jurisdiction to consider appeals only from final judgments and from certain interlocutory orders made immediately appealable by statute. *See Lehmann v. Har-Con. Corp.*, 39 S.W.3d 191, 195 (Tex. 2001); *see also* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a) (listing appealable interlocutory orders). A final judgment is one that (1) "actually disposes of every pending claim and party" or (2) "clearly and unequivocally states that it finally disposes of all claims and all parties." *Lehmann*, 39 S.W.3d at 205; *see In re Elizondo*, 544 S.W.3d 824, 827–28 (Tex. 2018) (orig. proceeding). Unless one of the statutory exceptions listed under Section 51.014(a) applies, an order that does not dispose of all pending parties and claims remains interlocutory and unappealable until the trial court signs a final judgment. *Lehmann*, 39 S.W.3d at 205.

Here, the trial court's order does not appear to be a final order. The order contains the following language:

> Having considered the Motion, Plaintiff's response thereto, and Defendants' reply in support thereof, the Court is of the opinion that the

Motion should be, and is hereby, GRANTED, in part, as further detailed below.

It is ORDERED, ADJUDGED and DECREED that with regard to Plaintiff's statutory bond claim in the amount of $857,531.21, Plaintiff only timely perfected $611.48 of the costs it seeks.

It is further ORDERED that pursuant to Section 2253.074 of the Texas Government Code, Defendants are awarded their reasonable attorney's fees against Plaintiff in the amount of $4,812.50.

The order expressly states that the motion for summary judgment is granted only "in part," and it does not state that it is a final, appealable order disposing of all claims and all parties. The order is thus not final. *See Bolton v. Brewster, LLC*, No. 01-24-00009-CV, 2024 WL 3973443, at *1 (Tex. App.—Houston [1st Dist.] Aug. 29, 2024, no pet.) (per curiam) (mem. op.) (dismissing appeal from order granting partial summary judgment); *Frausto v. RC Indus. LLC*, 605 S.W.3d 54, 56 (Tex. App.—San Antonio 2020, no pet.) ("An order that merely grants a motion for summary judgment without any decretal language actually disposing of a claim is not a judgment on any claim."); *Van Zandt Health Care Prop., Inc. v. Redd*, No. 12-16-00283-CV, 2017 WL 2264846, at *2 (Tex. App.—Tyler May 24, 2017, no pet.) (mem. op.) ("[T]he express terms of the order itself clearly indicate that it is not a final judgment."); *see also McNally v. Guevara*, 52 S.W.3d 195, 196 (Tex. 2001) (concluding there is no presumption that order granting summary judgment addresses all outstanding claims or disposes of all parties).

Further, the trial court's order is not an appealable interlocutory order. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a); *Bolton*, 2024 WL 3973443, at *1 ("[A]n interlocutory order granting a motion for summary judgment of some, but not all claims and parties in a lawsuit, has not been specifically designated by the [l]egislature as an appealable interlocutory order.").

On March 27, 2025, we notified Appellant of our concern that we lack jurisdiction over this appeal because the trial court's order does not appear to be a final judgment or an appealable interlocutory order. We warned Appellant that we could dismiss the appeal for want of jurisdiction unless we received, within ten days, a response showing grounds for continuing the appeal. *See* Tex. R. App. P. 42.3(a), 44.3. We have not received a response.

Without a final judgment or an appealable interlocutory order, we lack jurisdiction over this appeal, and we must dismiss it. *See Lehmann*, 39 S.W.3d at 195, 200. Accordingly, we dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 43.2(f).

Per Curiam

Delivered: June 5, 2025

4