# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-24-00307-CV

**Steven Benedict and Rayma Benedict, Appellants**

**v.**

**Tonya Hill and Charles Edward Hill, Jr., Appellees**

### FROM THE 274TH DISTRICT COURT OF HAYS COUNTY
### NO. 23-1108, THE HONORABLE SHERRI TIBBE, JUDGE PRESIDING

## O R D E R   A N D   M E M O R A N D U M   O P I N I O N

**PER CURIAM**

This is an appeal involving the dismissal of appellants Steven and Rayma Benedict's petition to modify the parent-child relationship. On February 7, 2022, appellee Tonya Hill filed a plea to the jurisdiction, asserting that the Benedicts lacked standing and their petition should therefore be dismissed. In her plea, Hill also requested an award of attorney's fees. On April 29, 2024, the trial court signed an order granting Hill's plea to the jurisdiction. The Benedicts appealed from that order, resulting in the proceeding currently before us.

However, the court's April 29 order did not dispose of Hill's request for attorney's fees. Instead, the order expressly states that the court was "making no ruling on relief requested by [appellees], if any, at this time." Accordingly, the Clerk of this Court sent a letter

to the parties informing them that the trial court's order did not appear to be final and that this Court may lack jurisdiction over this appeal. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). The Benedicts responded, contending that the only affirmative relief sought in this case was their own and therefore, the court's dismissal of their petition resulted in an adjudication of all claims and parties. In the alternative, the Benedicts asked that we abate this appeal to allow the trial court to render a final order. *See* Tex. R. App. P. 27.2 ("The appellate court may allow an appealed order that is not final to be modified so as to be made final . . . ."). Because we conclude that the finality of the trial court's order is ambiguous, we abate and remand for clarification. *See Bella Palma, LLC v. Young*, 601 S.W.3d 799, 801 (Tex. 2020) (per curiam) ("If the appellate court is uncertain about the intent of the order, it can abate the appeal to permit clarification by the trial court." (quoting *Lehmann*, 39 S.W.3d at 206)); *see also Morath v. Elizondo*, No. 03-23-00125-CV, 2025 WL 270611, at *1 (Tex. App.—Austin Jan. 23, 2025) (per curiam) (mem. op. & order) (exercising this discretion by requesting that trial court clarify whether its order was intended to be final).

This Court is obligated to determine, sua sponte, whether we lack jurisdiction over an appeal. *Freedom Commc'ns, Inc. v. Coronado*, 372 S.W.3d 621, 624 (Tex. 2012). Generally, unless the Legislature confers jurisdiction by statute, we do not have jurisdiction over an interlocutory appeal. *Sabre Travel Int'l, Ltd. v. Deutsche Lufthansa AG*, 567 S.W.3d 725, 736 (Tex. 2019). Absent a conventional trial on the merits, a judgment "is final for purposes of appeal if and only if either it actually disposes of all claims and parties then before the court, regardless of its language, or it states with unmistakable clarity that it is a final judgment as to all claims and all parties." *Lehmann*, 309 S.W.3d at 192–93.

2

Here, the order being appealed meets neither of these criteria. The order grants Hill's plea to the jurisdiction and dismisses the Benedicts' claims, but it does not contain any indicia of finality from which we can infer the trial court's intentions. *See In re Guardianship of Jones*, 629 S.W.3d 921, 924 (Tex. 2021) (per curiam) (explaining that although talismanic phrases are not required, "[a] statement like, 'This judgment finally disposes of all parties and all claims and is appealable', would leave no doubt about the court's intention." (quoting *Lehmann*, 39 S.W.3d at 206)). Instead, the order expressly provides that the court was "making no ruling on relief requested by" Hill, "if any, at this time."

When an order lacks clear and unequivocal language demonstrating its finality, we look to the record to determine whether the trial court actually disposed of all claims and parties. *See In re R.R.K.*, 590 S.W.3d 535, 543–44 (Tex. 2019). The trial court's order does not dispose of Hill's request for attorney's fees. Generally, a judgment that does not include finality language and that fails to rule on a party's claim for attorney's fees is not final for purposes of appeal. *See McNally v. Guevara*, 52 S.W.3d 195, 196 (Tex. 2001) (per curiam) ("Because the judgment does not appear final on its face, and because it did not dispose of the defendant's claim for attorney fees, it was not an appealable judgment."); *In re M.B.*, No. 01-20-00003-CV, 2021 WL 4095252, at *4 (Tex. App.—Houston [1st Dist.] Sep. 9, 2021, no pet.) (mem. op.) (order granting adoptive parents' motion to strike for lack of standing was not final where it did not rule on parents' request for attorney's fees).

However, after the trial court issued its order granting Hill's plea to the jurisdiction, it issued findings of fact and conclusions of law. This suggests that the trial court may have intended its order to be final and appealable. *See* Tex. R. App. P. 28.1 (providing that trial court may but "need not file findings of fact and conclusions of law" when order being

3

appealed is interlocutory); *De Los Salmones v. Anchor Dev. Grp., LLC*, No. 14-20-00720-CV, 2022 WL 1218541, at *2 (Tex. App.—Houston [14th Dist.] Apr. 26, 2022, no pet.) (mem. op.). Thus, rather than dismiss the appeal, we believe the appropriate course of action is to abate the appeal to allow the trial court to clarify its intent. *See D.L.J. v. M.D.S.*, No. 03-25-00696-CV, 2025 WL 3247111, at *2 (Tex. App.—Austin Nov. 21, 2025, no pet.) (per curiam) (mem. op. & order); *see also McNally*, 52 S.W.3d at 196.

We therefore abate and remand this appeal. Upon remand, the trial court may modify its order, issue an amended order, or take any other action necessary to clarify its intent, including holding a hearing on the matter. *See D.L.J.*, 2025 WL 3247111, at *2. A supplemental clerk's record containing any additional actions taken in the trial court regarding the order being appealed, along with a supplemental reporter's record of any hearing on that issue, shall be filed with this Court on or before May 5, 2026. This appeal will be reinstated after the supplemental records are filed.

It is ordered on April 9, 2026.


Before Chief Justice Byrne, Justices Crump and Ellis

Abated and Remanded

Filed: April 9, 2026