

**NUMBER 13-15-00326-CV**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

| | |
|---|---|
| **CAMERON COUNTY APPRAISAL DISTRICT,** | **APPELLANT,** |
| **v.** | |
| **GUROSA CORPORATION,** | **APPELLEE.** |

### On Appeal from the 357th District Court
### of Cameron County, Texas.

## MEMORANDUM OPINION

**Before Justices Rodriguez, Garza, and Longoria**
**Memorandum Opinion Per Curiam**

Appellant, Cameron County Appraisal District, attempted to perfect an appeal from an "Order Granting Counter-Plaintiff's Motion for Summary Judgment" in favor of appellee, Gurosa Corporation ("Gurosa"), rendered on April 15, 2015 by the 357th District Court of Cameron, County, Texas, in cause no. 2009-11-6418-E. Upon review of the documents before the Court, it appeared that the order from which this appeal was taken

was not a final appealable order. The Clerk of this Court notified appellant of this defect so that steps could be taken to correct the defect, if it could be done. *See* TEX. R. APP. P. 37.1, 42.3. Appellant was advised that, if the defect was not corrected within ten days from the date of receipt of this notice, the appeal would be dismissed for want of jurisdiction. Appellant failed to respond to the Court's notice.

In the instant case, our review of the clerk's record indicates that Brownsville Independent School District, Port Isabel Independent School District, City of Port Isabel, and Laguna Madre Water District brought suit against Gurosa Corporation and First National Bank for delinquent taxes on various tracts of land plus interest, penalties, and costs of court . Gurosa, as counter-plaintiff, filed an action seeking declaratory relief against Cameron County, Cameron County Appraisal District, and Brownsville Independent School District. According to Gurosa, the tracts of land at issue do not exist as a taxable subdivision because a probate court dissolved the lots and reverted the property back into acreage in 1987, thus the alleged delinquent taxes were not due and owing. Gurosa thereafter filed a motion for summary judgment against Brownsville Independent School District, Cameron County, and Cameron County Appraisal District seeking summary judgment, interest, costs of suit, and judgment for its attorney's fees. The trial court granted Gurosa's motion for summary judgment and stated that the "property was reverted from lots into acres by Order of the Probate Court in 1987 which was not appealed to . . . the Court of Appeals." The order granting summary judgment contains no indicia of finality. The record does not contain any other judgments or orders disposing of other parties or claims and does not include an order of severance.

2

We address our jurisdiction sua sponte as we must. *M.O. Dental Lab. v. Rape*, 139 S.W.3d 671, 673 (Tex. 2004) (per curiam). Unless an interlocutory appeal is specifically authorized by statute, this Court may entertain appeals only from final judgments. *Lehmann v. Har–Con Corp.*, 39 S.W.3d 191 (Tex. 2001). A judgment issued without a conventional trial is final for purposes of appeal if, and only if, it either actually disposes of all claims and parties then before the court, regardless of its language, or it states with unmistakable clarity that it is a final judgment as to all claims and all parties." Id. at 192–93. Further, when a party asserts a claim for attorney's fees and the trial court's order or judgment does not suggest the trial court intended to deny the claim for attorney's fees and also does not actually dispose of attorney's fees, the order or judgment is not final. *See McNally v. Guevara*, 52 S.W.3d 195, 196 (Tex. 2001).

The Court, having considered the documents on file and appellant's failure to correct the defect in this matter, is of the opinion that the appeal should be dismissed for want of jurisdiction. *See id.* Specifically, the order subject to appeal fails to dispose of all claims and parties before the Court. Accordingly, the appeal is DISMISSED FOR WANT OF JURISDICTION. *See* TEX. R. APP. P. 42.3(a),(c).

PER CURIAM

Delivered and filed the 3rd
day of September, 2015.

3