

## NUMBER 13-18-00105-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

---

**NEW LIFECARE HOSPITALS
OF SOUTH TEXAS, L.L.C.,**                                    **Appellant,**

**v.**

**RCBS, L.P.,**                                    **Appellee.**

---

**On appeal from the 370th District Court
of Hidalgo County, Texas.**

---

## MEMORANDUM OPINION

**Before Justices Rodriguez, Contreras, and Benavides
Memorandum Opinion by Justice Contreras**

Appellant New LifeCare Hospitals of South Texas, L.L.C. (New LifeCare) appeals

from a judgment granted in favor of appellee RCBS, L.P. (RCBS).  By five issues, New

LifeCare argues that:  (1) the judgment is not final because it did not dispose of all claims;

(2) RCBS failed to prove it was entitled to property taxes; (3) RCBS failed to prove pre-

judgment and post-judgment interest rates; (4) RCBS failed to prove the amounts claimed for utilities and maintenance; and (5) RCBS is not entitled to declaratory relief. Because we conclude that the judgment is not a final and appealable judgment, we dismiss the appeal for want of jurisdiction.

## I. BACKGROUND

New LifeCare leased premises from RCBS to use as a healthcare facility, with the lease set to expire on December 31, 2016. In September 2016, the parties executed a lease extension agreement and extended the term of the lease until June 30, 2017. New LifeCare subsequently failed to pay rent for the months of April, May, and June of 2017.

RCBS filed suit against New LifeCare for breach of the lease agreement and sought damages for the unpaid rent and for costs of utilities, maintenance, insurance, taxes, and repairs. RCBS also sought attorney's fees and declarations that: (1) the trade fixtures, office supplies, and moveable office furniture belonged to RCBS because New LifeCare failed to remove them; and (2) the one-year non-compete provision in the lease was not in force because the lease was terminated for nonpayment of rent.

New LifeCare filed a general denial that included "affirmative pleas." New LifeCare's "affirmative pleas" cited Texas Rule of Civil Procedure 94 and asserted (1) a failure to mitigate damages on the part of RCBS and (2) an offset of $347,345.36 on the damages sought by RCBS for the trade fixtures, office supplies, and furniture over which RCBS retained control.

RCBS filed a traditional motion for summary judgment. New LifeCare did not file a response. The trial court granted RCBS's motion and stated in its one-page judgment the following:

> The court, having considered Plaintiffs RCBS, L.P. Motion for Summary Judgment is of the opinion that the motion should be granted.

2

It is accordingly ADJUDGED that

RCBS, L.P. be granted judgment against New LifeCare Hospital of South Texas, L.L.C. for:

1.  Contract damages for $299,347.14

2.  Attorney's fees of $7,250.00

3.  Pre-judgment interest of 4.25%

4.  Post-judgment interest at the Judgment Rate of 5.0%

5.  Costs of suit for filling [sic] this petition.

6.  Such other and further relief to which plaintiff may be justly entitled.

It is FURTHER ADJUDGED, that the Court declares and finds that the termination of this lease is due to non-payment of rent by New LifeCare Hospital of South Texas, L.L.C.

All relief not expressly granted herein is denied.

This appeal followed.

## II.    DISCUSSION

By its first issue, New LifeCare argues that the judgment granted by the trial court is not a final appealable judgment, and therefore we lack jurisdiction over this appeal. Specifically, New LifeCare argues that the judgment did not dispose of the declaratory relief claim brought by RCBS regarding the trade fixtures, office supplies, and moveable office furniture. RCBS responds that the judgment was final because the "Mother Hubbard" clause included in the judgment implicitly denied this claim for declaratory relief. We agree with New LifeCare.

## A.    Applicable Law

As a general rule, a party may only appeal from a final judgment. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). In *Lehmann*, the Texas Supreme Court addressed the issue of "when a judgment rendered without a conventional trial on the

3

merits is final for purposes of an appeal." *Id.* at 192. "[W]hen there has not been a conventional trial on the merits, an order or judgment is not final for purposes of appeal unless it actually disposes of every pending claim and party *or* unless it clearly and unequivocally states that it finally disposes of all claims and all parties." *Id.* at 205 (emphasis added). Thus, the Texas Supreme Court established two independently sufficient tests under which an order rendered without a conventional trial on the merits may become final. *In re Elizondo*, 544 S.W.3d 824, 825–26 (Tex. 2018) (orig. proceeding) (per curiam); *see Lehmann*, 39 S.W.3d at 205–06.

If a clear, unequivocal finality phrase is included, then an appellate court may not look to the record to determine whether the judgment was final and appealable. *See In re Elizondo*, 544 S.W.3d at 827–28; *see also Lehmann*, 39 S.W.3d at 206 (suggesting as a finality phrase the statement that "[t]his judgment finally disposes of all parties and all claims and is appealable"). "Instead, it must take the order at face value." *In re Elizondo*, 544 S.W.3d at 828. On the other hand, if an order granting a dispositive motion does not clearly and unequivocally dispose of all claims, then an appellate court can review the record to determine whether the order nevertheless actually disposed of them all. *See Id.* at 826; *Lehmann*, 39 S.W.3d at 205–06.

## B. Analysis

Here, the trial court's judgment did not state that it disposes of all parties and claims and is appealable. Accordingly, the judgment is final and appealable only if it disposed of all parties and all claims. *See Lehmann*, 39 S.W.3d at 205.

RCBS argues that, even though the judgment does not explicitly dispose of its declaratory action regarding New LifeCare's property, the declaratory action was implicitly denied by the "Mother Hubbard" clause included in the judgment—i.e., "All relief not

4

expressly granted herein is denied." Contrary to RCBS's argument, however, the Texas Supreme Court has "rejected the notion that a Mother Hubbard clause gives 'any indica of finality in any order not issued after a conventional trial.'" *Farm Bureau Cty. Mut. Ins. v. Rogers*, 455 S.W.3d 161, 163 (Tex. 2015) (per curiam) (quoting *Lehmann*, 39 S.W.3d at 204); *see In re Burlington Coat Factory Warehouse of McAllen, Inc.*, 167 S.W.3d 827, 829 (Tex. 2005) (orig. proceeding) (citing *Lehmann*, 39 S.W.3d at 199–200); *see also McNally v. Guevara*, 52 S.W.3d 195, 196 (Tex. 2001) (per curiam). Therefore, the Mother Hubbard clause included in the judgment is no indication that the declaratory action was disposed or that the judgment is final. *See Farm Bureau*, 455 S.W.3d at 163–64; *McNally*, 51 S.W.3d at 196. And nothing in the trial court's judgment suggests it was intended to deny RCBS's request for a declaration that New LifeCare's property belonged to RCBS. Accordingly, we reject RCBS's argument that its declaratory action regarding the trade fixtures, office supplies, and moveable office furniture was denied by the Mother Hubbard clause included in the judgment.

Looking at the record, we also find nothing that indicates the judgment granted by the trial court disposed of RCBS's declaratory claim regarding the trade fixtures, office supplies, and moveable office furniture. Summary judgment cannot be granted on grounds not specifically stated in the motion. *See* TEX. R. CIV. P. 166a(c); *FDIC v. Lenk*, 361 S.W.3d 602, 609 (Tex. 2012). RCBS's motion for summary judgment did not in any way ask for or seek judgment on this declaratory claim, and there is nothing else in the record—nor does RCBS point us to anything other than the Mother Hubbard clause—supporting RCBS's contention that the judgment disposed of this declaratory claim. "[A] party's omission of one of his claims from a motion for summary judgment does not waive the claim because a party can always move for partial summary judgment . . . ." *McNally*,

5

52 S.W.3d at 196 (citing TEX. R. CIV. P. 166a(e)).  Thus, there is no presumption that RCBS's motion for summary judgment addressed all of its claims.  *Id.*; *see New York Underwriters Ins. v. Sanchez*, 799 S.W.2d 677, 678–79 (Tex. 1990) (per curiam).

We conclude the judgment did not dispose of the declaratory action brought by RCBS regarding New LifeCare's trade fixtures, office supplies, and moveable office furniture, and the judgment is not final and appealable.[1]  *See Farm Bureau*, 455 S.W.3d at 164; *McNally*, 52 S.W.3d at 196.  Therefore, we lack jurisdiction over this appeal.

### III.    CONCLUSION

We dismiss the appeal for want of jurisdiction.


DORI CONTRERAS
Justice

Delivered and filed the 29th
day of November, 2018.

---

[1] Because we conclude that the trial court's judgment did not dispose of the declaratory action brought by RCBS regarding the trade fixtures, office supplies, and moveable office furniture, we need not analyze New LifeCare's argument that the judgment is not final because it did not address its "counterclaim" for an offset.  *See* TEX. R. APP. P. 47.1.  Furthermore, we note that New LifeCare's offset argument is dependent and intertwined with RCBS's declaratory action regarding New LifeCare's property.

New LifeCare also argues that the judgment did not dispose of RCBS's other declaratory action. In its original petition, RCBS sought a separate declaration that the one-year non-compete provision in the lease was waived, because the lease terminated due to New LifeCare's nonpayment of rent.  Because the one-year non-compete provision would have been effective from the time the lease expired (June 30, 2017) and more than one year has passed, this issue is moot.  *See In re M.R.J.M*, 280 S.W.3d 494, 499 (Tex. App.—Fort Worth 2009, no pet.) ("An issue may become moot when a party seeks a ruling on some matter that, when rendered, would not have any practical legal effect on a then-existing controversy.").