

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-25-00762-CV

Sebastian **LINKE**,
Appellant

v.

Kyle **FOLMER**,
Appellee

From the 438th Judicial District Court, Bexar County, Texas
Trial Court No. 2023-CI-06692
Honorable Christine Vasquez Hortick, Judge Presiding

Opinion by:    Irene Rios, Justice

Sitting:    Irene Rios, Justice
            Lori I. Valenzuela, Justice
            Lori Massey Brissette, Justice

Delivered and Filed: March 11, 2026

DISMISSED FOR LACK OF JURISDICTION

Appellant Sebastian Linke filed a notice of appeal attempting to appeal the trial court's take-nothing judgment rendered in appellee Kyle Folmer's favor. However, the trial court's judgment did not dispose of Folmer's request for attorney's fees; instead, the judgment reserved ruling on Folmer's fee request at a later date. Because it appeared the trial court's judgment was not final and appealable, we ordered Linke to show cause why this appeal should not be dismissed for lack of jurisdiction. Linke filed a response arguing: (1) the finality language in the judgment

should control over the trial court's reservation of jurisdiction to rule on Folmer's claim for attorney's fees; and (2) Folmer is not able to recover attorney's fees because he is not a prevailing party. Folmer filed a letter brief challenging both of Linke's arguments. We conclude the pending attorney fee's request prevents the judgment from being final and appealable.

Linke purchased a rental home from Folmer. Linke claimed he discovered plumbing defects in the home that were not previously disclosed by Folmer. Linke sued Folmer asserting violations of the Deceptive Trade Practices Act ("DTPA"), fraud, negligent misrepresentation, and breach of contract. The real estate purchase contract provided that the prevailing party "in any legal proceeding related to th[e] contract is entitled to recover reasonable attorney's fees and all costs of such proceeding." In his second amended answer, Folmer asserted a counterclaim for attorney's fees under the contract should he prevail in the lawsuit.

A jury returned a verdict in Folmer's favor and the trial court entered a take-nothing judgment, but expressly reserved ruling on Folmer's pending claim for attorney's fees. The trial court's judgment expressly states the trial court "reserves ruling on [Folmer's] claim for attorney's fees as the 'prevailing party[,'] which shall be decided upon proper motion filed by [Folmer] in accordance with the Texas Rules of Civil Procedure and applicable law." The trial court's judgment further states: "This judgment finally disposes of all claims and all parties, except as to attorney's fees, and is therefore final and appealable." Folmer filed a motion requesting his attorney's fees less than a month after the trial court signed the judgment. While the motion was pending, Linke filed his notice of appeal.

"Unless a statute authorizes an interlocutory appeal, appellate courts generally only have jurisdiction over final judgments." *CMH Home v. Perez*, 340 S.W.3d 444, 447 (Tex. 2011). A judgment or order is final for purposes of appeal if it actually disposes of all pending parties and

claims before the court or "clearly and unequivocally states that it finally disposes of all claims and all parties." *Bella Palma, LLC v. Young*, 601 S.W.3d 799, 801 (Tex. 2020) (quoting *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 205 (Tex. 2001)). The supreme court recently reaffirmed a judgment that does not dispose of a meritorious, pending claim for attorney's fees is not a final judgment. *See Sealy Emergency Room, L.L.C. v. Free Standing Emergency Room Managers of Am., L.L.C.*, 685 S.W.3d 816, 825 (Tex. 2024) (holding a trial court must expressly dispose of an attorney's fee request under a prevailing party statute or contract to render a judgment final).

First, a review of the record makes it clear that the trial court never disposed of Folmer's claim for attorney's fees. When a party is entitled to attorney's fees as a prevailing party under a statute or contract, "the trial court must expressly dispose of the fee request to render a final judgment." *Id.* at 825 (providing a mandatory fee award, such as a prevailing party award under a contract, must be disposed of by the trial court to achieve finality).

Next, although the trial court's judgment includes finality language, the express reservation to retain jurisdiction over Folmer's pending attorney's fees claim indicates the judgment is not final and appealable. *See Lehmann*, 39 S.W.3d at 205 (holding an order is not a final judgment merely because it contains the words "final" or "appealable"). The language in the judgment is neither "unequivocally" final nor does it expressly dispose of all claims. Rather, the judgment expressly reserved ruling on the attorney's fees claims "upon proper motion filed by [Folmer]." The plain language of the judgment reserves the trial court's jurisdiction to award Folmer's attorney's fees upon his motion and expresses an intent to dispose of the remaining attorney's fee award. This calls into doubt whether the trial court actually intended for the judgment to be final. *See Davis v. ESC II, LP*, No. 05-15-00551-CV, 2015 WL 4572612, at *1 (Tex. App.—Dallas July 30, 2015, no pet.) ("When a party asserts a claim for attorney's fees and the trial court's order

or judgment does not suggest the trial court intended to deny the claim for attorney's fees and also does not actually dispose of attorney's fees, the order or judgment is not final." (citing *McNally v. Guevara*, 52 S.W.3d 195, 196 (Tex. 2001))). "'Clear and unequivocal' language that reflects an intent to dispose of the entire case is given effect, *but when there is doubt about finality*, the record resolves the issue." *Bella Palma, LLC v. Young*, 601 S.W.3d 799, 801–02 (Tex. 2020). As mentioned above, the record reflects that Folmer pled a claim for attorney's fees under the real estate purchase contract should he prevail in the suit. The trial court has not disposed of that fee award and expressed its intent in the judgment to dispose of the fee award at some future date. Thus, the record reflects the judgment here is not final and therefore not appealable at this time. *See Davis*, 2015 WL 4572612, at *1 ("Here the express reservation of the claim for attorney's fees for future determination precludes a finding that the orders are final for purposes of appeal.").

Linke's argument also does not support his contention that the judgment is final and appealable. Linke correctly states that a party who did not prevail cannot be awarded attorney's fees under a prevailing-party statute. In *Sealy Emergency Room*, the supreme court concluded that a judgment which does not dispose of a losing party's request for attorney's under a prevailing-party statute "need not expressly reject the fee request to make its judgment final" because "denying a [losing party's] request for a fee remedy that is only available under a prevailing-party standard is merely a ministerial act" that "will not prevent finality." *Sealy Emergency Room*, 685 S.W.3d at 825.

Here, however, Folmer is requesting his attorney's fees as the prevailing party, not the losing party. "[W]hen a party that has proven that an award of attorney's fee is mandatory . . . , the trial court must expressly dispose of the fee request to render a judgment final." *Id.* "[A]n award of attorney's fees is mandatory when a statute provides that a party who prevails on its claim

or meets other specified requirements 'may recover,' 'shall be awarded,' or 'is entitled to' fees." *Id.* Section 38.001 of the Texas Civil Practice and Remedies Code provides that "[a] person may recover reasonable attorney's fees from an individual . . . if the claim is for . . . an oral or written contract." TEX. CIV. PRAC. & REM. CODE ANN. § 38.001(b)(8). As mentioned above, the real estate purchase contract provided that the prevailing party "in any legal proceeding related to th[e] contract is entitled to recover reasonable attorney's fees and all costs of such proceeding." Linke sued Folmer for breach of contract, among other things, and Folmer prevailed in the "legal proceeding" when he successfully defended Linke's claims. Because Folmer is a prevailing party and entitled to recover his reasonable and necessary attorney's fees, the trial court must dispose of Folmer's fee request to render the judgment final. *See Sealy Emergency Room*, 685 S.W.3d at 825.

Because the trial court's judgment does not unequivocally express finality, reserves a ruling on Folmer's mandatory attorney's fees request, and does not dispose of the fee request, we conclude the judgment is not final and appealable at this time. Accordingly, we must dismiss this appeal for lack of jurisdiction.

Irene Rios, Justice